CREATH, *Appellant*, v. DALE *et al.*

1. **Homesteads : EXCHANGE OF : STATUTE.** Under Revised Statutes, section 2696, the owner of a homestead, acquired by successive exchanges from a former one, is entitled to the same homestead rights in the one so acquired that he had in the original one.

| 84 | 349 |
|----|-----|
| 118 | 364 |
| 84 | 349 |
| 165 | 37 |

2. ———: The fact that the owner of a farm sells a part of it, does not affect his homestead rights in the remainder, where the dwelling house occupied by himself and family are on the latter

*Appeal from Iron Circuit Court.*—HON. JOHN L. THOMAS, Judge.

AFFIRMED.

*C. D. Yancey* for appellant.

(1) Purchase money entered into the note sued on. The Creath farm was not acquired by the defendant as the "direct proceeds" of his Piedmont homestead, if any such he ever had; but it was acquired by means of the value of that property being mingled with fifteen hundred dollars worth of another man's credit. (2) Defendant's deed for his alleged homestead was filed for re-

cord nearly four months after the date of the execution
and delivery of the note on which judgment was recovered.
R. S. of 1879, secs. 2695, 2696 ; *Farra v. Quigley,* 57 Mo.
284 ; *Shindler v. Givens,* 63 Mo. 394 ; *Lincoln v. Rowe,*
64 Mo. 138 ; *Creath v. Dale,* 69 Mo. 41 ; *West River Bank
v. Gale,* 42 Vermont 27.

*J. W. Emerson* for respondents.

(1) Dale had a homestead on and prior to the 17th
day of June, 1874, in his Piedmont home estate. (2) Pur-
chase money did not enter into the note sued on as to the
homestead. (3) Creath had no lien on any part of the
land which he conveyed to Dale, and having none him-
self he could transfer none to anyone else. (4) A home-
stead interest in land can be waived or affected by deed
only. *Stafford v. Elliott,* S. C. of Ga., March 20, 1878.
(5) The statute authorizes one to sell or dispose of a
homestead exempt from debts, and to acquire another
with the proceeds of the former, which shall also be ex-
empt from such debts. The provision of the statute
fixing the *date* of filing the deed for the homestead for
record, as the test by which it is exempt as to any given
debt, refers only to the inception of the first homestead
right. *Farra v. Quigley,* 57 Mo. 284 ; *Stanley v. Baker,*
75 Mo. 62 ; *Beckman v. Meyer,* 75 Mo. 336 ; Thompson on
Homesteads, 392, 398.

SHERWOOD, J.—Section 2696 of the Revised Statutes
provides that when another homestead is acquired by one
who was possessed of a former homestead, such prior
homestead shall thereupon be liable for his debts, but
that the subsequently acquired homestead shall not be
liable for causes of action against him to which such prior
homestead would not have been liable ; " provided that
such other homestead shall have been acquired with the
consideration derived from the sale or other disposition

of such prior homestead." It is clear from the record in this cause that Dale owned a homestead in Piedmont in 1872, valued at $2,500. In June, 1874, he exchanged this homestead with Creath for a farm worth $4,000, and to make up the difference he executed his three promissory notes for five hundred dollars each, and thereupon warranty deeds were exchanged, and Dale filed his deed for record the next day and thereupon moved on to the farm so acquired, where he and his family remained, occupying it as a homestead until October, 1874, when he exchanged this farm with S. A. Harris, for another one of four hundred and four acres, making an even trade. Warranty deeds were exchanged at the time and Dale's deed from Harris filed for record, and Dale and family thereupon moved to the farm thus acquired, upon which they have since resided as their homestead.

No doubt is entertained from these facts, that under the statute, whatever original homestead rights Dale possessed in the Piedmont property, were transferred by the successive exchanges to the farm last acquired by Dale. The fact that he sold off a portion of that farm does not affect his right of homestead in the remainder, the dwelling house in which he and family resided being situate thereon.

The circuit court, therefore, ruled correctly in refusing to quash that portion of the sheriff's return which set off to Dale a homestead of one hundred and sixty acres in the remaining land, and its judgment is affirmed. All concur.