SMITH *et al.* v. ENOS, *Appellant.*

Homestead : EXCHANGE FOR ANOTHER : RIGHTS IN LATTER : FILING DEED. Where one acquires a homestead, and exchanges it for another which he occupies as such with his family, he has the same homestead rights in the latter that he possessed in the former, and this is true although no deed was filed of record for the second homestead.

*Appeal from Holt Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED.

*Zook & Stokes* and *T. H. Parish* for appellant.

(1) The land in suit was not liable for the debt for which the levy of the execution and the sale of the land was made. Eppler, under whom the appellant claims, acquired a homestead in the lands in Atchison county in 1870, and merged the same in the land in suit in 1874, by exchanging his homestead with Walkup for it. The time, therefore, of acquiring the homestead would date from the time of the filing the deed to the first homestead, and not to the time of the filing the deed to the land in which the homestead was merged. The statute fixing the acquisition of a homestead at the time of recording the deed, etc., only refers to the homestead first acquired. R. S., secs. 2695, 2697; *Creath v. Dale*, 84 Mo. 349-51; *Beekman v. Myer*, 75 Mo. 336; *Stanly v. Baker*, 75 Mo. 60, 62-3; *Farra v. Quigly*, 57 Mo. 284. (2) The homestead first acquired is not lost or abandoned, but is carried forward or transferred from one piece of land to the other, and exists in the lands last acquired by virtue of such transfer, removal to and occupancy thereof, independently of the time that the deed thereto may have been recorded. *Creath v. Dale*, 84 Mo. 349-51; *Beekman v. Myer*, 75 Mo. 336; *Farra v. Quigly*, 57 Mo. 284; *Monroe v. May*, 9 Kan. 466-74; *State v. Geddis*, 44 Iowa, 537; *Benham v. Chamberlain*, 39 Iowa, 358; *Pearson v. Minturn*, 18 Iowa, 36; *Sargent v. Chubbuck*, 19 Iowa, 37; *Rob v. McBride*, 28 Iowa, 368; *Furman v. Dewell*, 35 Iowa, 170. (3) If the law is to receive the construction placed upon it by the court below, *i. e.*, that the right of a homestead in lands procured with another, attaches from the date of the filing of the deed thereto, then it would be impossible for a party to change his homestead and be protected. The homestead law is for the benefit of the family, the wife and children, as well as the head of the family,

and should be liberally construed. *Vogler v. Montgomery*, 54 Mo. 577; *Casebolt v. Donaldson*, 67 Mo. 308-10. (4) Eppler's occupancy was a continuous one, and related back to the time of filing his deed. *Finnegan v. Prindeville*, 83 Mo. 517.

*Botsford & Williams* and *T. C. Dungan* for respondents.

(1) The land in controversy did not become the homestead of the judgment debtor, Alanson Eppler, until the date of the filing of the deed therefor in the recorder's office of Holt county, in which the land is situate, January 4, 1878, and the cause of action against Eppler, upon which the judgment of the Holt county circuit court was rendered and under which respondent, Fannie Smith, purchased, being due and existing prior to and at the time of the acquiring of such homestead by the filing the deed therefor, the land was subject to the lien of such judgment, and the levy of the execution issued thereon ; and no homestead exemption existed in favor of the judgment debtor in said land as against such judgment. G. S., 1865, ch. 111, sec. 7, p. 450; 1 W. S., ch. 68, sec. 7, p. 698; 1 R. S., 1879, ch. 39, sec. 2695, p. 452; *Davis v. Land*, 88 Mo. 436; *Finnegan v. Prindeville*, 83 Mo. 517; *O'Shea v. Payne*, 81 Mo. 516; *Beckmann v. Meyer*, 75 Mo. 333; *State ex rel. v. Diveling*, 66 Mo. 375; *Lincoln v. Rowe*, 64 Mo. 138; *Shindler et al. v. Givens et al.*, 63 Mo. 394; *Griswold v. Johnson*, 22 Mo. App. 466. (2) The causes of action upon which the judgment was rendered against Eppler, under which respondent, Fannie Smith, acquired title, having accrued long after the complete disposition by Eppler of his homestead in Atchison county, and prior to the acquisition of a new homestead, by the filing of his deed for the lands in controversy in Holt county, the fact that this land was acquired, in whole or in part, with the consideration of the exchange of such prior homestead

is immaterial as affecting respondents' right to recover. G. S., 1865, ch. 111, sec. 8, p. 450 ; 1 W. S., ch. 68, sec. 8, p. 699 ; R. S., sec. 2696.   (3) The land in controversy not having been acquired with the consideration derived from the sale or other disposition of the prior homestead of the judgment debtor alone, but from the exchange of such homestead in part only, and with other property of the debtor, it is not within the protection of the homestead exemption as to the debts contracted by the owner prior to its acquisition as a homestead by filing the deed therefor in the recorder's office of Holt county ; and respondents' title, based upon an execution sale for such debts, on a judgment rendered prior to, and which was a lien at the time of, the purchase by appellant, is the better title, and the judgment in their favor must be affirmed. G. S., 1865, ch. 111, sec. 8; *Farra v. Quigley*, 57 Mo. 284; *Stanley v. Baker*, 75 Mo. 60 ; *Finnegan v. Prindeville*, 83 Mo. 520.

NORTON, C. J.—This is a suit in ejectment to recover possession of certain land in Holt county.   On the trial plaintiffs obtained judgment from which the defendant has appealed.   It is conceded that both plaintiffs and defendant claim through one Eppler as the common source of title.

The following facts appear in the record, viz. : That said Eppler acquired a homestead on forty acres of land, in Atchison county, by deed dated April 2, 1870, which was duly recorded on that day ; that he, with his family, occupied said land as his homestead from that time until the fifteenth of October, 1874, at which time he exchanged said homestead to one Walkup for the land in controversy, and executed a deed to said Walkup, conveying his homestead in Atchison county, receiving, at the same time, from said Walkup, in exchange, a deed conveying to said Eppler the land in question, who moved, with his family, on the land thus conveyed and

resided continuously thereon till he sold and conveyed it to defendant, on the twenty-fifth of January, 1881. It further appears that Eppler did not file for record the deed he received from Walkup till the fourth day of January, 1878; that, previous to the filing of said deed for record, said Eppler, on the fourth of September, 1875, became indebted to one Smith on two promissory notes, upon which judgment was rendered by the circuit court of Holt county, on the twenty-fifth of April, 1878, in favor of one Roecker, to whom they had been assigned; that, on the thirty-first of January, 1881, execution was issued on said judgment and levied upon said land, under which it was sold to plaintiff, Fannie Smith, who received a sheriff's deed therefor.

Notwithstanding the undisputed fact that Eppler has acquired a complete homestead right to the land in Atchison county, and, notwithstanding the fact that he exchanged with Walkup said homestead for the land in controversy, which he immediately moved on to, with his family, and occupied continuously as his homestead till he sold and conveyed the same to defendant in 1881, the plaintiffs claim that such homestead was nevertheless liable to seizure and sale under execution issued on a judgment rendered on a debt contracted by Eppler, after such exchange and before he filed the deed from Walkup to him for record. In other words, it is insisted that, under our statute, if a person, having acquired a homestead, exchange it for another which he occupies as such, with his family, that the land so taken in exchange is liable to be seized and sold for the payment of any debt contracted by him after such exchange, and before he filed his deed for record, although the homestead given by him in exchange could not have been subjected to the payment of such debt.

The circuit court sustained this contention and held that the homestead was liable to be so sold, and the sole question raised by the record is as to whether that ruling

is correct, and that question is to be determined by the following section of the Revised Statutes, viz: " Section 2695. Such homestead shall be subject to attachment and levy of execution upon all causes of action, existing at the time of the acquiring such homestead, except as herein otherwise provided; and for this purpose such time shall be the date of the filing, in the proper office for the record of deeds, the deed of such homestead, and in case of existing estates, such homestead shall not be subject to attachment or levy of execution upon any liability hereafter created."

" Section 2696. Whenever such housekeeper or head of a family shall acquire another homestead in the manner provided in section 2695, the prior homestead shall thenceforth be liable for his debts, but such other homestead shall not be liable for causes of action against him to which such prior homestead would not have been liable; provided that such other homestead shall have been acquired with the consideration derived from the sale or other disposition of such prior homestead, or with other means not derived from the property of such housekeeper, or head of a family."

These sections were before this court for construction in the cases of *Farra v. Quigley*, 57 Mo. 284, and *Creath v. Dale*, 84 Mo. 349. In the first of these cases cited, Judge Napton, speaking for the court, after quoting the above sections, observes : " That the phraseology of these sections is singularly unhappy, but I conjecture that the meaning is, that a homestead is not exempt from being taken for a debt contracted before its purchase, and the filing of the deed for it, unless such homestead is acquired by the sale of a previous one."

In the case of *Creath v. Dale, supra*, Dale had exchanged a homestead previously acquired for another homestead. The point was made by counsel for the plaintiff, that, before Dale filed his deed for record,

for the homestead acquired by the exchange, he contracted a debt, for the payment of which such homestead was liable to be sold, because of such failure to file the deed. This point was resisted by counsel on the other side, on the ground that the statute, fixing the date of filing the deed for the homestead for record, by which to determine whether it was liable for the payment of any given debt, refers only to the inception of the first homestead right. In the disposition of the case, the following language is used by Judge Sherwood, in the opinion: " Section 2696, Revised Statutes, provides that when another homestead is acquired by one who was possessed of a former homestead, such prior homestead shall thereupon be liable for his debts, but that the subsequently-acquired homestead shall not be liable for causes of action against him to which such prior homestead would not have been liable ; ' provided, that such other homestead shall have been acquired with the consideration derived from the sale, or other disposition of such prior homestead.' " · After stating the facts in the case, it is then said : " No doubt is ·entertained from these facts that, under the statute, whatever original rights Dale possessed in the Piedmont property were transferred by the successive exchanges to the farm last acquired by Dale."

The ruling in these cases being adverse to that by the circuit court, the judgment is reversed and cause remanded.