### BOUSCHER v. SMITH ET AL.

1. **Public Lands:** HOMESTEAD ENTRY: CONVEYANCE TO WIFE, AND BY HER TO HUSBAND: EXEMPTION FROM HIS DEBTS. Plaintiff was the owner of eighty acres of land, which he acquired under the statute of the United States securing homesteads to actual settlers on the public domain. Under said statute, the land was exempt from his debts. But, for the purpose of more perfectly securing the homestead, according to the mistaken belief of his wife, and to give her a greater sense of security, he conveyed the land to her. Afterwards she reconveyed it to him. This was all done without any fraudulent purpose, and without any valuable consideration in either case. *Held* that these transactions did not destroy the exemption created by the United States statute, and that the whole tract, and not only the forty acres on which they lived, continued to be exempt from his debts. (*Butler v. Nelson*, 72 Iowa, 732, distinguished.)

*Appeal from Cherokee District Court*—Hon. C. H. Lewis, Judge.

### TUESDAY, DECEMBER 20.

ACTION to restrain defendants from selling eighty acres of land upon execution. A temporary injunction was allowed, which was made perpetual, after a demurrer to a reply to defendant's answer was overruled; the defendants standing upon their demurrer. They now appeal.

*E. C. Herrick*, for appellants.

*J. D. F. Smith*, for appellee.

BECK, J.—I. The plaintiff's petition shows that he is the owner of eighty acres of land, which he acquired under the statute of the United States securing homesteads to actual settlers on the public domain. One of the defendants obtained a judgment against him upon an indebtedness contracted before the patent for the land was issued to plaintiff by the United States government. An execution was issued upon the judgment, and was placed in the hands of another defendant, the sheriff of the county, who had levied upon the land,

and advertised it for sale, and will sell it unless restrained by an injunction.

The defendants, in their answer, admit the allegations of the petition reciting the foregoing matters, but in avoidance thereof allege that, after the patent for the land was issued, the plaintiff conveyed by warranty deed one-half of it, described according to the government survey, to Johannah Bouscher, and afterwards conveyed the other half of the land in the same manner to the same person, who, to secure a part of the purchase-money, executed to plaintiff a mortgage upon all of the land. Afterwards plaintiff's grantee reconveyed the whole tract to him, and he entered satisfaction of the mortgage upon the record. Upon these facts, defendants claim that the exemption under the United States statute became extinguished, and the forty acres of land not actually occupied as a homestead by plaintiff is subject to the judgment. They admit that the forty acres so occupied are not subject to sale on the execution, and make no claim to the contrary.

To the answer, plaintiff filed a reply in the following language: "The plaintiff, for reply to defendants' answer, states that the conveyance of said land, copies of which are attached to defendants' answer, were made by plaintiff to Johannah Bouscher, but avers that the said Johannah Bouscher, named in said deed, is the wife of plaintiff, and has been such since the month of August, 1870; that plaintiff and said Johannah took possession of said land in the month of June, 1872, under the act of congress approved May 20, 1862, and entitled 'An act to secure homesteads to actual settlers on the public domain,' built a house thereon, and have had a continuous residence on the same from the month of June, 1872, and now reside on said land; that the said Johannah is a very nervous woman, and a person given to finding fault with plaintiff's management of his business affairs, and at various times prior to the execution of said instruments— copies of which are attached to the defendants' answer—

insisted on plaintiff placing the title to said land in her name, that she and her children might not come to want; that the said Johannah's importunities were so constant, harassing and annoying to plaintiff that plaintiff could not enjoy that peace and quiet at his home that he was entitled to, and, for the purpose of allaying the said Johannah's fears in that respect, did execute the instruments—copies of which are attached to defendants' answer—conveying said lands to said Johannah; that said instruments were all executed without any consideration whatever therefor; that there was no money paid by said Johannah in consideration of the execution of said deeds, and none received by plaintiff in consideration thereof; that the mortgage referred to in defendants' answer plaintiff exacted of said Johannah for the purpose of keeping said Johannah from incumbering or conveying away any portion of said land while said title to said land stood in said Johannah's name; that the note described in said mortgage was immediately destroyed by plaintiff, and no part of the same was ever paid; that said Johannah, about the month of December, 1885, concluded that all of her apprehensions of plaintiff's inability to properly manage his business, and control and take care of his property, were without foundation, and that it was her duty to reconvey said land to plaintiff, and, in pursuance thereof, did execute the deed of said land to plaintiff, on the 2d day of January, 1886,—a copy of which is attached to defendants' answer; that no consideration whatever was paid by plaintiff to said Johannah for the reconveyance of said land from her to the plaintiff; that plaintiff's residence on said land has been continuous, open, and notorious since the month of June, 1872, up to and including the present time; that it is now his homestead, and always has been his homestead, under said act of congress above referred to in this reply."

To this reply defendants interpose a general demurrer, which was overruled, and, standing on their pleadings, a

decree was rendered against them, granting the relief sought by the petition.

II. The statute of the United States secures to every person who is the head of a family, or is over twenty-one years of age, and is a citizen of the United States, or has declared his intention to become a citizen, the right to enter not more than 160 acres of the public land upon the payment of nothing more than certain fees prescribed by the act, and to receive a patent therefor, upon the condition of actual residence thereon, and cultivation thereof, for the period of five years. Upon the death of the person making the entry before the patent is issued, his widow, heirs or devisees shall be entitled to receive the patent. It is provided that no lands acquired under the provisions of the act " shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." (See Rev. St. U. S., §§ 2289–2296.) Counsel for defendant, in effect, admits that, if plaintiff had not conveyed the land to his wife, it would have been exempt from the judgment involved in the case, under the United States statute; but insists that the conveyance by her had the effect to remove the exemption provided by that statute, and subject the land, except that part exempt under the homestead laws of this state, to defendants' judgment. He bases this position upon *Butler v. Nelson*, 72 Iowa, 732, which holds that the conveyance of the homestead without consideration, and in fraud of creditors, and the reconveyance, remove the exemption in favor of the homestead provided by the statute of the state, and the land becomes subject to the execution for debts existing before the reconveyance. If our own statute is alone to be considered, the case is not applicable to the facts before us. In that case, the conveyance of the homestead was to a stranger, to defraud creditors. In this case, the conveyance was not fraudulent; was made to the wife of plaintiff to preserve and protect the homestead, as she, and probably plaintiff, believed; and was reconveyed to plaintiff for the same purpose. The wife, as

is shown by the reply, received the property to be held as a homestead. She, under our statute, could hold the title to the homestead as well as he, and it would still possess a homestead character, and be so exempt.

Nothing of the kind appeared in the other case, but defendants, in effect, admit that, under our statute, plaintiff, by the conveyance and the reconveyance, did not forfeit his homestead right to forty acres occupied as a homestead, the quantity limiting a homestead under the laws of Iowa; for they expressly aver that they make no claim to or attempt to enforce the judgment against that part of the land. But they insist that the homestead right under the statute of the United States is defeated by the conveyance and reconveyance. In our opinion these acts have no such effect. If we are correct in this position,—of which we entertain no doubt,—the whole of the eighty acres is exempt. Our conclusion on this point is based upon these grounds: The statute of the United States which we have under consideration is intended to secure homesteads to the citizens. The title of the original act declares that purpose, and the lands acquired under it are designated as homesteads. (See Rev. St. U. S., §§ 2288–2294.) A homestead is "the home or seat of a family." An unmarried man may have a home and a homestead under this statute; but homes commonly are occupied by a family, consisting of at least a husband and wife. The purpose of the statute clearly is to secure the home to such a family; not, of course, exclusively, but such a family is surely within the contemplation of the statute. It is secured for the benefit of the wife as well as of the husband. It cannot be doubted that the wife may enter a homestead and receive a patent therefor. The provisions of the statute, which we have above stated, securing the homestead to the widow, heirs, and devisees of the person entering it, unmistakably show that the purpose of congress was by the enactment to secure to the husband, wife, children, and even devisees, of the citizen entering the land, the right to occupy

it as a home.   Now, the reply assailed by the demurrer shows that the conveyance and reconveyance of the land in question to and by the wife was to secure and retain the homestead to the wife and children of plaintiff.   These acts were, in effect, in harmony with the United States homestead statutes. They were honest, though probably mistaken, efforts to that end.   It would surely be illogical, if not absurd, to say that the acts would defeat the bounty of congress, when they are in accord with its purpose, and intended to secure that very bounty.   It is, indeed, absurd to say that the act of congress speaks this language:   "This land is given to the husband for the benefit of himself, wife and family.   It could have been given to the wife for the same purpose.   It is to be occupied by the husband, wife, and family for a home, and shall be exempt from all debts contracted before the patent issues.   But if, for the purpose of securing this object, the husband conveys it to the wife after the  patent issues, then it shall not be held for the benefit of the family, but shall be subject to all debts of the husband contracted before the patent issued."   This is the position of defendants' counsel, and its statement is its best and most effective refutation. As we have said, counsel for defendant in effect conceded, what we have never heard doubted, that it is incompetent for congress to provide for the exemption of the homestead bestowed by its bounty from debts contracted before the patent issued.   The question is not in the case, and we need not, therefore, consider it.

AFFIRMED.