C. J. HARRIS, Plaintiff in Error, v. W. T. MEREDITH, Defendant in Error.

Kansas City Court of Appeals, May 16, 1904.

1. FRAUDULENT CONVEYANCES: Exemptions: Interest of Creditors. A voluntary conveyance of property exempt from execution can not be fraudulent as to creditors of the grantor since they have no right or interest in it and can not therefore be harmed thereby.

2. ——: ——: Homestead: Reinvestment. If a homesteader intends to reinvest the proceeds of a sale of his homestead in another home he may hold them exempt as the homestead itself and it makes no difference whether his sale was voluntary or involuntary.

Harris v. Meredith.

3. **JUSTICES' COURTS: Attachment: Place of Bringing Suit.**
A suit by attachment in a justice's court must be brought in the township where the property of the defendant may be found or in any adjoining township, or in the township where defendant resides or any adjoining township.

4. ————: **Jurisdiction: Place of Bringing Suit: Appearance.** A suit before a justice of the peace, other than by attachment, can not be brought in a county where neither the plaintiff nor the defendant resides and the justice in such case has no jurisdiction even though the parties appear; and though the justice acquire jurisdiction by an attachment, when that is abated, the jurisdiction as to the merits fails.

Error to Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

AFFIRMED.

*E. C. White* and *Barnett & Barnett* for plaintiff in error.

(1) The court had jurisdiction over the person of defendant. The suit being by attachment was purposely brought in Pettis county where the personal property attached was found, and although the defendant was a non-resident of the county he appeared to the merits of the cause and submitted himself to the jurisdiction of the court. The affidavit and bond for appeal filed in this cause must be taken and considered in the appellate court as an appearance. See provision at the end of section 4060, Revised Statutes 1899. And the taking of the appeal is equivalent to a general appearance to the merits. Whitney v. Railroad, 101 Mo. 631; Fitzpatrick v. Railway, 34 Mo. App. 280; Rice v. Railroad, 30 Mo. App. 110; Whitney v. Railroad, 28 Mo. App. 103; Eubank v. Pope, 27 Mo. App. 463. (2) The court erred in finding for defendant on the plea in abatement. Under the admitted facts the finding on the attachment should have been for the plaintiff. Defendant admits that he placed four hundred dollars of his money in the name of his wife; that the check for the purchase price of his

land was assigned to his wife, and placed in the bank to her credit, and that four hundred dollars of the amount belonged to him. This was a fraudulent disposition of his property so as to hinder and delay his creditors. Stock Co. v. Hunter, 91 Mo. App. 333; State v. O'Neil, 151 Mo. 67; Douglass v. Cessna, 17 Mo. App. 44; Noyes v. Cunningham, 51 Mo. App. 194; Gens v. Hargardine, 56 Mo. App. 245. (3) If a husband who is in debt beyond his ability to pay makes a voluntary conveyance or assignment of property to his wife the same is fraudulent and furnishes ground for attachment, whatever may have been the motive of the husband. Cooper v. Stanley, 40 Mo. App. 138; Grocer Co. v. Monroe, 142 Mo. 165.

*Bente & Wilson* and *C. W. Bente* for defendant in error.

(1) The court did right in sustaining defendant's motion to dismiss this suit on its merits. Smith v. Simpson, 80 Mo. 634; R. S. 1899, sec. 3839; White v. Railway, 72 Mo. App. 400; Loomis v. Railway, 17 Mo. App. 340; Bank v. Doak, 75 Mo. App. 332; Brownfield v. Thompson, 96 Mo. 340. (2) Plaintiff might have had jurisdiction in his attachment suit had the return of the officer on said writ shown the proper jurisdiction. R. S. 1899, sec. 8840. (3) The question of jurisdiction of a justice court may be made at any stage of the proceedings even in the appellate courts. Bank v. Doak, 75 Mo. App. 332; Bachelor v. Bess, 22 Mo. 402; Barnett v. Railway, 68 Mo. 56; Brownfield v. Thompson, 96 Mo. App. 340. (4) There can be no fraudulent disposition of debtor's exempt property. Boyd & Co. v. Pottle, 65 Mo. App. 374.

ELLISON, J.—This action was instituted before a justice of the peace in Pettis county and an attachment sued out in aid thereof. The trial court found for de-

fendant on the plea in abatement, and then taking up the case on its merits, the court dismissed it.

It appears that plaintiff is a resident of the city of St. Louis and defendant a resident of Cooper county. The suit was brought before a justice of the peace of Sedalia township, in Pettis county. Defendant was not found in Pettis county but the Bank of Smithton in Smithton township in that county, which adjoins Sedalia township, was garnished by the constable under the writ of attachment. The garnishment was had by summoning the cashier of said bank, who was found in Sedalia township. The defendant, though not summoned, appeared before the justice and obtained a change of venue to another justice. Defendant appeared before the latter justice and contested the case and on being defeated he appealed to the circuit court of Pettis county, as already stated, where he was successful on trial of the plea in abatement and the case itself was dismissed.

The cause alleged for the attachment was that defendant had fraudulently conveyed his property and effects with intent to hinder and delay his creditors. The facts were, as shown by agreement of parties, that defendant owned a homestead which was mortgaged and that he sold his equity of redemption therein for $900 which he gave to his wife and the money was deposited in the Smithton bank in her name. That he owed her $500, leaving $400 which he gave her voluntarily without a consideration. In other words, the transaction as to the $400 would, ordinarily, have sustained the attachment. But in this case, the money was the proceeds of a sale of the homestead, and though one should make a voluntary conveyance of property which is exempt from execution for his debts, it can not be said to be in fraud of creditors, since they have no right or interest in it and it can not harm them. Rose v. Smith, 167 Mo. 81; Hart v. Leete, 104 Mo. 315.

But plaintiff says that when the sale of the homestead occurred and it was transformed into money, no further homestead could be claimed. The difficulty with plaintiff's contention is that by the agreed statement of facts it appears that defendant's "intentions were and are to reinvest said money in another homestead." In this State a homesteader may sell the homestead, and if he intends to reinvest the proceeds in another home he may hold such proceeds exempt as was the homestead itself. State ex rel. v. Hull, 99 Mo. App. 703 and cases cited. It makes no difference whether the sale was voluntary or involuntary. So therefore we find no error in the disposition of the plea in abatement as made by the trial court.

The trial on the merits then came on. The law concerning the place for bringing suits before justices of the peace is found in the two following sections of the statute of 1899:

Section 3839. "Every action recognizable before a justice of the peace shall be brought before some justice of the township, either: First, wherein the defendants, or one of them, resides, or in any adjoining township; or, second, wherein the plaintiff resides, and the defendants, or one of them, may be found; third, if the defendant is a non-resident of the county in which the plaintiff resides, the action may be brought before some justice of any township in such county where the defendant may be found; . . ."

Section 3840. "Every action by attachment shall be brought before a justice of the township wherein the property, credits or effects of the defendants, or either of them, may be found, or in any adjoining township thereto, or in the township wherein the defendant resides, or in any adjoining township."

This action being by attachment is governed by the latter section. The record of the case before the justice of the peace shows that the garnishment was secured and served on the cashier in Sedalia township,

the township of the justice. This was a finding of the property, in the sense of the statute, in Sedalia township, although the money garnished was in a bank located in another township. Considered as an attachment suit, it was properly brought in Pettis county and the justice of Sedalia township had jurisdiction.

But except as resting upon the foundation of a suit "by attachment," there was no jurisdiction. For, the suit being brought in a county where neither the plaintiff nor defendant resides, the justice had no jurisdiction, even though the parties appeared. Peery v. Harper, 42 Mo. 131; Smith v. Simpson, 80 Mo. 634. We draw this conclusion from the utterance of the Supreme Court in those cases. Therefore, when the attachment failed, jurisdiction of the case went with it, since the attachment was all that sustained the jurisdiction.

The result is that the judgment must be affirmed. All concur.