## COONEY v. COLLINS et al.

(Circuit Court of Appeals, Ninth Circuit. February 21, 1910.)

No. 1,726.

BANKRUPTCY (§ 288*)—SUMMARY PROCEEDINGS BY TRUSTEE—JURISDICTION OF BANKRUPTCY COURT—ADVERSE CLAIM.

A court of bankruptcy is without jurisdiction of a proceeding by a trustee to recover property from an adverse claimant, who holds the legal title and possession and asserts his sole ownership, and who does not consent to the jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 288.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition for Revision of Proceedings of the District Court of the United States for the District of Montana, in Bankruptcy.

In the matter of Frank Henry Cooney, bankrupt. Petition by Walter E. Collins, trustee, against John W. Cooney. Order requiring respondent to turn over property, and he brings a petition for review. Reversed.

Louis P. Donovan, for petitioner.

Robert McBride, for respondents.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This is a petition for revision, under section 24b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), of the proceedings of the United States District Court for the District of Montana. The question presented is whether the bankruptcy court had power, by summary proceedings, to order the petitioner to surrender and turn over certain real and personal property, standing in his own name, to the trustee of the bankrupt.

The amended petition of the trustee for the order alleged, in effect, that certain real estate therein specifically described, situated in the state of Montana, stood upon the records of the several counties of the state in which the various pieces of property were respectively situate in the name of John W. Cooney, the petitioner here, and also alleged that certain personal property, specifically described in the petition of the trustee, also stood in the name of John W. Cooney, but averred, upon information and belief, that all of the property so mentioned and described was purchased by the bankrupt, Frank Henry Cooney, with his own money, and that no part of the consideration therefor was paid by the said John W. Cooney, and that the said Frank Henry Cooney has at all times been in possession of all of the property, having absolute control and management thereof, and that the taking of the title to the described property in the name of the said John W. Cooney "was and is colorable only and for the purpose of evading the creditors of the said Frank Henry Cooney."

The answer of John W. Cooney to the trustee's amended petition put in issue the averments in respect to fraud and the interest of Frank Henry Cooney, and alleged, among other things, that the real property described in the trustee's petition as lot 5 in block 2, West Excelsior addition to the city of Butte, "does stand in the name of this defendant and respondent, and has stood in his name for approximately four years, and that this defendant and respondent is the owner thereof by virtue of a deed, and that he built a house on said property himself, and that the said bankrupt, Frank H. Cooney, has not any interest in or possession of the said property, that the said property was not taken in the name of this defendant and respondent for the purpose of evading the creditors of the said Frank H. Cooney, but alleges that the said property was purchased by John W. Cooney, this defendant and respondent, and the whole of said consideration therefor was paid by said John W. Cooney with his own money, and that he now has, and at all times herein mentioned has had, possession of said prop-

erty"; that certain other of the real property described by the trustee "has been conveyed to one P. Vadney by deed executed by this defendant and respondent to the said P. Vadney approximately ten months ago; that there is a contract between this defendant and said Vadney, whereby said Vadney shall reconvey said property to this defendant and respondent on the payment of $1,000 and interest by this defendant and respondent, John W. Cooney, to the said Vadney, and that the said Frank H. Cooney, the bankrupt, has not at this time and never had any interest in or possession of the said property, but alleges that the said property was purchased by John W. Cooney, this defendant and respondent, and the whole of the consideration therefor was paid by said John W. Cooney with his own money, and that he now has, and at all times herein mentioned has had, possession of said property"; that in respect to certain of the other specifically described real property mentioned in the trustee's petition the said John W. Cooney has an undivided one-sixth interest, and has had the said undivided one-sixth interest therein for approximately eighteen (18) months, "and has been the owner thereof by virtue of a deed executed and delivered by ———— to this defendant and respondent, and that the said Frank H. Cooney has no right, title, or interest therein, and never did have any right, title, interest, or possession therein, but alleges that the said property was purchased by John W. Cooney, this defendant and respondent, and the whole of the consideration therefor was paid by said John W. Cooney with his own money, and that he now has, and at all times herein mentioned has had, possession of said property"; that of another piece of the real property described in the trustee's petition the defendant John W. Cooney has been the owner for two years, by virtue of a conveyance thereof to him, the whole of the consideration for which was paid by him with his own money, and the possession of which he has ever since had, and in which property the bankrupt, Frank H. Cooney, never had any right, title, or interest, nor any possession thereof; that that portion of the real estate described in the trustee's petition which had been conveyed by the defendant John W. Cooney to P. Vadney was granted to him, John W. Cooney, "by deed executed by Peter R. Dolman September 2, 1904, and filed for record September 30, 1904, and that said property was purchased by John W. Cooney, defendant and respondent, and the whole of the consideration therefor was paid by said John W. Cooney with his own money, and that he now has, and at all times mentioned herein has had, possession of said property"; that in the property described in the trustee's petition as lot 5 in block 16 of the Leggat & Foster addition to the city of Butte the defendant John W. Cooney has no interest, the same being for the two years then last past the property of the East Butte Extension Copper Mining Company, and that in the property described in the trustee's petition as lot 9 in block 6 of the Rice addition to the city of Butte the defendant John W. Cooney has no interest, the same having been deeded to the East Butte Extension Copper Mining Company about three years previous to the order to show cause issued against the defendant; that certain of the other real estate described in the trustee's petition was conveyed to the defendant John W. Cooney about a year and a half prior to these proceedings, and the

the bankrupt, Frank H. Cooney, never had any interest therein nor possession thereof, and that the whole of the consideration therefor was paid by the said John W. Cooney with his own money; that certain other of the real property described in the trustee's petition was acquired by the defendant John W. Cooney by virtue of a deed duly executed by Georgia Butler and Samuel M. Butler on the 1st of June, 1906, and duly recorded in the office of the county recorder of Missoula county, Mont., on the 2d of June, 1906, the whole of the consideration for which conveyance was paid by the said John W. Cooney with his own money, since which conveyance the property has been in his possession, and that the bankrupt, Frank H. Cooney, has not and never had any interest therein; that the shares of stock described in the trustee's petition were purchased by the defendant John W. Cooney with his own money, were issued to him in his own name, and since their issuance have been in his possession, and that the bankrupt Frank H. Cooney never had any interest therein nor any possession thereof. All of the above-mentioned allegations of the defendant John W. Cooney were verified by him of his own knowledge.

His objections to the determination, in such summary proceedings, of the right to the properties in question, were overruled by the referee in bankruptcy, which officer found, in effect, upon the conflicting evidence introduced before him, that all of the property in question really belonged to the bankrupt, Frank Henry Cooney, was paid for with his money, and put in the name of John W. Cooney for the purpose of defrauding the creditors of Frank Henry Cooney. The matter being brought before the court upon petition for revision of the action of the referee, like objections were there made by John W. Cooney to the jurisdiction of the referee, and of the power of the bankruptcy court to thus determine the property rights in question, resulting in the affirmance by the court of the referee's order. Hence the present petition for revision.

In so ruling we are of the opinion that the learned judge of the court below was in error. That court, as well as the counsel for the respondents here, largely rely in support of their position upon the case of Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, which case was subsequently reviewed in the case of Jaquith v. Rowley, 188 U. S. 620, 624, 625, 23 Sup. Ct. 369, 371, 372, 47 L. Ed. 620, where the Supreme Court thus concluded its review of it:

"In other words, Nugent's Case simply holds that where the agent held money belonging to the bankrupt to which he had no claim, but simply refused to give up the property, which he acknowledged belonged to the bankrupt, the bankruptcy court had power, by summary proceedings, to order him to deliver such property to the trustee in bankruptcy"

—which was not only a "wholly different" case from that of Jaquith v. Rowley, but also from that now before us. Like the surety in the case of Jaquith v. Rowley, the petitioner here, John W. Cooney, by his verified answer not only claims the absolute right to hold all of the property in question as against everybody, but specifically alleges the reasons for his claim of ownership of it. Of course, his allegations in that behalf may not be true; still they make a case of adverse claim to the property on his part, to overcome which it was essential for the

trustee to proceed in accordance with the provisions of section 23 of the bankruptcy act and not by summary proceeding in bankruptcy. We think the case of Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620, is directly in point, on the authority of which the judgment of the District Court should be reversed, with directions to order the dismissal of the trustee's petition.

We do not think there is anything in the cases of In re McMahan, 147 Fed. 684, 77 C. C. A. 668, In re Noel (D. C.) 137 Fed. 694, or In re Michie (D. C.) 116 Fed. 749, in conflict with what we here hold. In the McMahan Case it was an undisputed fact that the actual possession of the land upon which McMahan asserted an adverse lien was in the trustee of the bankrupt, and it was, as we think, very properly held that, as the bankruptcy court had through its trustee the actual possession of the land, it was not only within its power, but it was its duty, to determine all questions in reference to the validity of liens upon the property. In the case at bar, however, one of the main questions raised by the adverse claimant was as to the possession of the property by the trustee; he setting forth under oath, not only that the bankrupt never had any title to or interest in the property in question, but never had any possession of it.

The cases of In re Noel and In re Michie seem to us to be in direct line with our conclusion. In the Noel Case (D. C.) 137 Fed. 698, Judge Morris said:

"I think the distinction between the controversies arising in bankruptcy which must be determined by plenary independent suits and those which may be heard on summary petition depends upon who has possession of the subject-matter of the controversy. If the bankruptcy court has possession, then, as a rule, the matter may be heard upon petition and answer. If a stranger has possession, and is holding by adverse claim, then an independent plenary suit is in most cases proper. In this case the property was in the possession of the bankrupt, and upon his adjudication his title and possession passed to the trustees. The possession of the trustee could not be disturbed by any form of adverse legal proceedings without the concurrent sanction of the court of bankruptcy. That court, having possession of the property, had jurisdiction, upon notice to those claiming to have liens and incumbrances upon it, to order the property to be sold by the trustees free of all incumbrances, if the court, in its discretion, should determine that such a sale was for the benefit of the unsecured creditors; and after such a sale, having in its control the fund arising from the sale, it would have jurisdiction to determine the conflicting claims of the parties whose liens had been displaced as to the property sold, and transferred to the fund in the court. Ray v. Norseworthy, 23 Wall. 128, 23 L. Ed. 116."

And in the Michie Case Judge Lowell held that a court of bankruptcy has no jurisdiction over a controversy between the trustee and one to whom the bankrupt conveyed property, as to such property, where such person has possession, and makes a real, though fraudulent and voidable, adverse claim, and does not consent to the jurisdiction.

The judgment of the District Court is reversed, with costs, and with directions to order the dismissal of the trustee's petition.