In re GILL.

In re FARMERS' & MANUFACTURERS' BANK OF RICH HILL, MO.

(Circuit Court of Appeals, Eighth Circuit. October 14, 1911.)

Nos. 112, 113.

*(Syllabus by the Court.)*

1. BANKRUPTCY (§§ 224, 288*)—ADVERSE CLAIM—JURISDICTION—PLEA.

A response by a bank to an order of a referee to show cause why it should not pay over to the trustee $3,424.60 deposited with it by the bankrupt three days before the filing of the petition in bankruptcy, that the money was deposited without solicitation or agreement in a long-standing general deposit account which the bankrupt had with the bank subject to check and that at the time of the deposit the bankrupt owed the bank on an overdraft and on past-due notes $3,153.20, which it claims to offset against its liability to the bankrupt and the trustee, states an adverse claim and a good plea to the jurisdiction of the referee and the District Court summarily to determine the validity of that claim under section 23b of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 383, 447; Dec. Dig. §§ 224, 288.*]

2. BANKRUPTCY (§§ 224, 288*)—EXTENT AND MANNER OF INVESTIGATION OF SUBSTANTIALITY OF ADVERSE CLAIM NOT PRESENTED BY ORDER OVERRULING SUCH PLEA.

An order overruling such a plea in the absence of a denial of any of its averments and without the framing, investigation, or decision of the issue whether the adverse claim pleaded thereby is substantial or colorable presents no question of the manner or extent of the summary investigation of that question permitted to the bankruptcy court or the referee.

The only question it presents is whether or not the facts set forth in the plea, if true, show that the District Court and the referee are without jurisdiction summarily to try and determine the controversy between the trustee and the adverse claimant.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 383, 447; Dec. Dig. §§ 224, 288.*]

In the matter of the bankruptcy of Susan L. Ames. Original petitions of Charles S. Gill, as trustee, and of the Farmers' & Manufacturers' Bank of Rich Hill, Mo., to review a decision of the referee in bankruptcy. Petition of bank granted, and order of District Court modified.

Adrian F. Sherman, for petitioner in No. 112, and for respondent in No. 113.

George Templeton, J. R. Hales, Frank W. Yale, and Ernest S. Ellis, for petitioner in No. 113, and for respondent in No. 112.

Before SANBORN, Circuit Judge, and MARSHALL and WILLIAM H. MUNGER, District Judges.

SANBORN, Circuit Judge. In October, 1910, the trustee in bankruptcy of the estate of Mrs. Susan L. Ames presented to the referee a petition in which he alleged that on April 20, 1910, three days before

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the petition in bankruptcy was filed, Mrs. Ames sold her stock of merchandise for $3,424.60 and deposited the proceeds in the Farmers' & Manufacturers' Bank of Rich Hill, Mo., as a special deposit to be distributed pro rata among her creditors; that this money was still in the possession of the bank; that he had demanded it, but the bank refused to pay it to him, and he prayed that the bank might be ordered to show cause why it should not pay this $3,424.60 over to the trustee. The referee granted his prayer, and, in response to the order to show cause, the bank filed a verified answer wherein it denied that the $3,424.60 was deposited with it by Mrs. Ames as a special deposit to be distributed pro rata among her creditors, and alleged that Mrs. Ames had for many years had a general deposit account with the bank in which she deposited moneys from time to time and against which she drew her checks; that on April 20, 1910, she owed the bank on account of an overdraft of $80.70, and on account of her five past-due promissory notes, which were described, $3,153.20 and interest; that on that day, without any solicitation, contract, agreement, or special terms, she deposited her $3,424.60 to the credit of her general account in the bank subject to her check, and that the bank had and claimed the right to set off against its indebtedness for the $3,424.60 Mrs. Ames' indebtedness to it for $3,153.20 and interest under section 68a of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]); that under this state of facts it was an adverse claimant, and neither the referee nor the District Court had jurisdiction summarily to hear and decide the controversy between it and the trustee. No challenge by reply or otherwise of the averments of the plea was filed, and on these two pleadings the referee considered whether or not he had jurisdiction summarily to grant the application for the order that the bank pay the money over to the trustee, found that he had "jurisdiction to consider such application and to make such order," and overruled the bank's plea to the jurisdiction. Thereupon the bank filed a petition for review. After that petition was filed and on the same day, the trustee made a motion before the referee that he require the bank to further answer the order to show cause on the merits. The bank refused to do so. The trustee moved for judgment on the pleadings and for an order that the bank pay over to him the $3,424.60, and these motions were denied by the referee, and further proceedings were stayed by him until there should be a final decision upon the review sought by the bank. The trustee then filed his petition for a review of the denial of his motions. The District Court sustained the rulings and orders of the referee, and each party filed a petition for a revision of the distasteful portion of its order.

[1] The plea to the jurisdiction was good. It asserted possession in the bank before the filing of the petition in bankruptcy and ever thereafter and a lawful claim adverse to the trustee to set off the indebtedness of the bankrupt to the bank against the trustee's claim for the money the bankrupt had deposited with it. The District Court so held, but it sustained the order overruling the plea on the ground that the referee had jurisdiction summarily to investigate and determine whether the bank's adverse claim was substantial or frivolous

and baseless. Mueller v. Nugent, 184 U. S. 1, 15, 22 Sup. Ct. 269, 46 L. Ed. 405; Louisville Trust Co. v. Comingor, 184 U. S. 18, 25, 22 Sup. Ct. 293, 46 L. Ed. 413; In re Rathman, 106 C. C. A. 253, 258, 183 Fed. 913, 918. The briefs and arguments of counsel discuss the question whether or not a referee may take evidence, and how much evidence he may take in such an investigation. But the decisions of the Supreme Court are as illuminating upon that question as this court could hope to be, and we decline to enter upon a discussion of it because the record does not present it. If the referee had held that the plea to the jurisdiction was good, and upon a pleading that the claim it set forth was colorable, or in any other regular way had proceeded over objection, or over objection had refused to proceed to take evidence to determine whether the claim was substantial or frivolous and that ruling had been challenged, the question might have been presented. But the referee did nothing of this kind. He never decided that he would, or that he would not, investigate the substantiality of the adverse claim. [2] The plea to the jurisdiction was presented without denial or challenge of the truth of its averments, and he overruled it and found that he had jurisdiction to consider the application for the order on the bank to pay over the money "and to make such order." That was a decision that, admitting all the averments of the plea to be true, he had jurisdiction summarily to try the controversy between the trustee and the adverse claimant on its merits and to render judgment thereon whether the bank's claim was substantial or colorable, and that decision was a plain error.

There was no error in the denials of the motions of the trustee to compel the bank to answer on the merits and to grant him judgment in his favor on the pleadings nor in the order of the referee staying further proceedings because in the face of the plea to the jurisdiction, and, in the absence of any issue or investigation of the issue whether the adverse claim it set forth was substantial or colorable, and of any finding that it was colorable, the referee was without jurisdiction to proceed or to require any of the parties to proceed further toward the trial of the controversy between the trustee and the adverse claimant.

The litigation over the validity of the plea to the jurisdiction in this case has occupied so much time and the probability that the bank's claim is colorable is so slight that it seems to us that the better course for the officers below to pursue in this case is to dismiss the petition of the trustee for the order to pay over the money and to let the parties litigate their controversy in a plenary suit.

The petition of the bank must therefore be granted and the order of the District Court must be so modified as to direct the reversal of the order of the referee overruling the plea to the jurisdiction and to direct the dismissal of the petition of the trustee for the order on the bank to pay over $3,424.60 on the ground that the District Court and the referee are without jurisdiction summarily to try the controversy between the trustee and the bank, and the petition of the trustee for revision must be dismissed.

It is so ordered.