SHEA et al. v. LEWIS et al. (two cases).

(Circuit Court of Appeals, Eighth Circuit. May 26, 1913.)

Nos. 3,761 and 125, Original.

1. BANKRUPTCY (§ 439*)—APPELLATE PROCEEDINGS—MODE OF REVIEW.

Where a court of bankruptcy has erroneously retained jurisdiction to adjudicate the rights of an adverse claimant, its judgment may be reviewed by a petition to revise.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 439.*]

2. BANKRUPTCY (§ 288*)—JURISDICTION OF COURT—ADVERSE CLAIMS.

The jurisdiction of a bankruptcy court to determine in a summary proceeding adverse claims created before the filing of the petition in bankruptcy to liens upon and titles to property claimed by the trustee as that of the bankrupt is conditioned and limited by its actual possession of the property. In other cases it may proceed in a summary way, so far as to determine whether the claim is substantial or merely colorable, and if the former a plenary suit must be brought, unless the claimant consents to a determination on the merits; and a claim may be substantial, even though in fact fraudulent and voidable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

3. BANKRUPTCY (§ 288*)—JURISDICTION OF COURT—ADVERSE CLAIMS.

The petition of a trustee for a summary order requiring the wife of the bankrupt to turn over property, both real and personal, alleged to belong to the bankrupt, alleged that it was in the joint possession of the husband and wife. It was conceded that all of the property was, purchased by the wife with the proceeds of land which was acquired by the bankrupt under the homestead laws of the United States, and was also claimed by him as a homestead under the state law, and was conveyed to her when not subject to any liens. *Held*, that the case was one where the wife had a substantial adverse claim, which could not be determined without her consent, except in a plenary suit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

4. BANKRUPTCY (§ 446*)—APPELLATE PROCEEDINGS—PETITION TO REVISE.

On a petition to revise an order of a District Court in bankruptcy in matter of law, the evidence will only be reviewed to ascertain if the order is wholly unsupported thereby.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 446.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

5. BANKRUPTCY (§ 136*)—ORDER REQUIRING BANKRUPT TO TURN OVER PROPERTY—SUFFICIENCY OF EVIDENCE.

An order requiring a bankrupt to turn over money to his trustee, based on the testimony of witnesses that he displayed the money a few days

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

prior to the filing of the petition and claimed it as his, is sufficiently supported where the possession of the money or its disposition is not satisfactorily accounted for.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

Appeal from and Petition to Revise Order of District Court of the United States for the District of Minnesota; Page Morris, Judge.

In the matter of Andrew J. Shea, bankrupt. On appeal and petition to revise by the bankrupt and his wife, Abbie A. Shea, to review orders requiring them each to turn over property. Appeals dismissed. Order against Abbie A. Shea reversed, and order against the bankrupt affirmed.

Appellant and petitioner Andrew J. Shea became the owner of a federal homestead consisting of 130.05 acres of land in St. Louis county, Minn., under patent issued by the United States August 17, 1908. Prior thereto he had been engaged in litigation over this tract with one Walter Douglas. He retained as his attorneys the objecting creditors, Washburn & Wilson, and had become indebted to them for fees and moneys advanced.

Concurrently with the issuance of his patent from the United States, Shea occupied and claimed 80 acres of this same tract as a homestead under the laws of the state of Minnesota. The uncontradicted testimony is that in September, 1908, through the intervention of his brother, Shea conveyed these lands to his wife. The deeds, however, were not recorded, and were lost. April 26, 1909, through the intervention of his son, he again conveyed these lands, comprising his federal and state homesteads, to his wife. This conveyance is of record.

Subsequently Mrs. Shea, by deed, in which her husband joined, conveyed these lands to a corporation known as the Cedar Island Lake Iron Company, receiving therefor ultimately 100,000 shares of the stock of said company and a note for $30,000. Thereafter $10,000 was paid to her on this note, and later she recovered judgment against the company for the balance, amounting to $20,332.83. This judgment still stands in her name, has not been assigned or otherwise disposed of, and no part thereof has been paid. The 100,000 shares of stock in the above-named corporation also stand in her name, and the certificates have been and are in the possession of H. W. Dietrich, of Superior, Wis., as her agent.

Appellants and petitioners claim, and submit evidence tending to prove, that with the money received from the payment on the note of the corporation as aforesaid Mrs. Shea purchased five horses, together with some equipment therefor; also a 10-acre tract of land in St. Louis county, Minn., receiving a deed in her name, which was duly recorded; that some of this money was used for living expenses, and about $2,000 remained in her possession at the time this litigation arose. Mrs. Shea had also purchased a residence in the city of Duluth, which is now occupied as a homestead. This, however, was paid for with money received from the sale of timber cut from the original homestead lands, and is not now in controversy. The horses and their equipment were kept on this homestead in Duluth.

August 9, 1911, Shea was duly adjudged a voluntary bankrupt by the District Court for the District of Minnesota. August 21, 1911, appellee and respondent Lewis was chosen trustee. All the indebtedness of the bankrupt accrued prior to the issuance of the federal patent. September 9, 1911, on motion of said trustee, the referee made an order requiring said bankrupt and his wife to show cause why they should not be required to turn over, deliver, transfer, convey, and assign to the said trustee the following property: 1. The judgment for $20,332.83, standing in the name of Abbie A. Shea. 2. The 100,000 shares of stock issued in the name of Abbie A. Shea, and being in the custody for her of H. W. Dietrich of Superior, Wis. 3. The sum of $2,000 disclosed by Mrs. Shea, upon examination, as being in her possession. 4. The

10 acres of land in St. Louis county, Minn., the conveyance for which was taken and then stood in the name of Mrs. Shea. 5. The five horses charged to be in the possession of the bankrupt and Mrs. Shea on their homestead in Duluth. 6. The sum of $3,000 shown to have been in the possession of the bankrupt in currency a few days prior to the filing of the petition in bankruptcy. 7. An item of $700 not here in controversy.

The bankrupt filed answer in opposition to this order, and Mrs. Shea filed a separate answer making specific adverse claim of ownership and possession of all the property above described, alleging the conveyance to her of both federal and state homesteads free and clear of the debts of the bankrupt, that all said property was bought with the proceeds of said lands after said conveyance, while claimant owned the same of her own right, and that all said property then formed a part of her separate estate. She further challenged the jurisdiction of the bankruptcy court to try the issues in this summary way. This objection was overruled, and, upon hearing, the referee ordered the bankrupt and his wife to deliver to said trustee all the property described in said order to show cause, less statutory exemptions, and that claimant Abbie A. Shea make all conveyances and assignments essential thereto. Upon review of this order in the District Court the same was approved and confirmed, except as to the item of $700. There the objection to the summary jurisdiction of the bankruptcy court was renewed. The bankrupt and his wife bring the case to this court on appeal and petition to revise.

H. W. Dietrich, of West Superior, Wis. (John B. Arnold, of Duluth, Minn., on the brief), for appellants and petitioners.

E. M. Morgan, of Minneapolis, Minn. (Washburn, Bailey & Mitchell and Wilson, Morgan & Morgan, all of Duluth, Minn., on the brief), for appellees and respondents.

Before HOOK and SMITH, Circuit Judges, and VAN VALKENBURGH, District Judge.

VAN VALKENBURGH, District Judge (after stating the facts as above). The errors mainly relied upon as stated in the brief are: First, that the referee was without jurisdiction in summary proceedings to try the right and title of claimant Abbie A. Shea to the real and personal property she is ordered to turn over to the trustee, and in that connection: (a) That under the federal homestead laws there can be no fraudulent conveyance of a federal homestead as to creditors whose claims accrued prior to the issuance of patent, and, as all claims filed are of such character, claimant, by the conveyance of bankrupt's federal homestead, took good title thereto and to the proceeds of any sale thereof, including all the property she is ordered to turn over to the trustee; (b) that under the homestead laws of Minnesota there can be no fraudulent conveyance of a state homestead exemption of 80 acres, and that, by the conveyance of bankrupt's state homestead, claimant Abbie A. Shea acquired a good title, as well as to the proceeds of any sale thereof by her, including all the property she is ordered to turn over to the trustee, except 5,000 shares of stock in Cedar Island Lake Iron Company. Second, that in law there is no evidence to warrant the order directing the bankrupt to pay to the trustee $3,000, or any other sum.

[1] Out of abundance of caution appellants and petitioners present this case on appeal and by petition to revise. In the view we take, it is unnecessary to determine whether appeal will lie. It is conclusively

established that where, in a case like this, the District Court erroneously retains jurisdiction to adjudicate the merits, its action can be corrected on review. In re Gill and In re Farmers' & Manufacturers' Bank of Rich Hill, 190 Fed. 726, 111 C. C. A. 454; In re McMahon, 147 Fed. 684, 77 C. C. A. 668; Mueller v. Nugent, 184 U. S. 1–15, 22 Sup. Ct. 269, 46 L. Ed. 405; Schweer v. Brown, 195 U. S. 171, 25 Sup. Ct. 15, 49 L. Ed. 144; First National Bank v. Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051.

We shall consider first the specification of error involving the summary jurisdiction of the District Court.

[2] 1. The rule applicable to situations such as that presented by the case at bar has been authoritatively established by numerous decisions of the Supreme Court and has been exhaustively discussed and specifically stated by this court. In re Rathman, 183 Fed. 913, 106 C. C. A. 253, Speaking for this court, Judge Sanborn said:

"The jurisdiction of the bankruptcy court to determine in a summary proceeding adverse claims created before the filing of the petition in bankruptcy to liens upon and titles to property claimed by the trustee as that of the bankrupt is conditioned and limited by its actual possession thereof."

"The test of the summary jurisdiction is that the court of bankruptcy, through the act of its officers, such as referees, receivers, or trustees, has taken possession of the res as the property of the bankrupt."

"The declaration in Mueller v. Nugent, 184 U. S. 1–14, 22 Sup. Ct. 269, 275 (46 L. Ed. 405), that the filing of the petition * * * 'is a caveat to all the world and in effect an attachment and injunction,' has been so limited by subsequent decisions of the Supreme Court that it has no application to those holding substantial claims antedating the filing, to liens upon or titles to property claimed as that of the bankrupt. In the absence of proper proceedings to make such claimants parties to the bankruptcy proceeding, they are strangers thereto, and their claims are unaffected thereby."

In such cases a plenary suit must be brought either at law or in equity by the trustee, in which the adverse claim of title can be tried and adjudicated. Bardes v. Hawarden Bank, 178 U. S. 524–532, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; First National Bank v. Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051; Murphy v. John Hofman Co., 211 U. S. 562–570, 29 Sup. Ct. 154, 53 L. Ed. 327; Babbitt v. Dutcher, 216 U. S. 102–113, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Johnston v. Spencer, 195 Fed. 215, 115 C. C. A. 167; Cooney v. Collins, 176 Fed. 189, 99 C. C. A. 543; In re McMahon, 147 Fed. 684, 685, 77 C. C. A. 668; In re Michie (D. C.) 116 Fed. 749.

The bankruptcy court has jurisdiction to draw to itself, and to determine by summary proceedings after reasonable notice to claimants, the merits of controversies between the trustee and such claimants over liens upon and title to property claimed by the trustee as that of the bankrupt which has been lawfully reduced to the actual possession of the trustee or of some other officer of the bankruptcy court as the property of the bankrupt. When those in possession are not adverse claimants, but are only representatives of the bankrupt, without claim of lien upon, or right to, the property in themselves, the bankruptcy court may by summary proceeding take the actual possession of the

property, and then, when it has thus acquired the actual possession, may by summary proceedings determine the validity of claims or liens upon and titles to it. In re Rathman, supra, 183 Fed. pages 922–923, 106 C. C. A. 253.

In Babbitt v. Dutcher, 216 U. S. 102, 113, 30 Sup. Ct. 372, 377 (54 L. Ed. 402, 17 Ann. Cas. 969), the Supreme Court said:

"There are two classes of cases arising under the act of 1898 and controlled by different principles. The first class is where there is a claim of adverse title to property of the bankrupt, based upon a transfer antedating the bankruptcy. The other class is where there is no claim of adverse title based on any transfer prior to the bankruptcy, but where the property is in the physical possession of a third party or of an agent of the bankrupt, or of an officer of a bankrupt corporation, who refuses to deliver it to the trustee in bankruptcy. In the former class of cases a plenary suit must be brought, either at law or in equity, by the trustee, in which the adverse claim of title can be tried and adjudicated."

The bankruptcy court, however, has jurisdiction under an order to show cause to investigate and determine whether or not it had at the time the petition for the order to show cause was filed, or at any other time, actual possession of the property involved in the order, and whether those asserting lien or title have a substantial or only a frivolous and baseless adverse claim. In re Rathman, 183 Fed. 913–918, 106 C. C. A. 253; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413. If it had no such possession, and if the claim asserted is actual and substantial, as distinguished from one merely colorable and fictitious, it may proceed no further, but should decline to adjudicate on the merits without consent. If it errs in its ruling either way, its action is subject to review. Mueller v. Nugent, 184 U. S. 1–15, 22 Sup. Ct. 269, 46 L. Ed. 405. Such a claim may be adverse and substantial, even though in fact fraudulent and voidable. Johnston v. Spencer, 195 Fed. 215, 115 C. C. A. 167; Cooney v. Collins, 176 Fed. 189–192, 99 C. C. A. 543; Mueller v. Nugent, 184 U. S. 15, 22 Sup. Ct. 269, 46 L. Ed. 405; In re Michie (D. C.) 116 Fed. 749. A case in which the claimant either invokes or accepts the jurisdiction is not here presented.

[3] The assignment of error under consideration involves the judgment of $20,332.83, standing in the name of the claimant, the 100,000 shares of stock issued to her, the certificates of which were in the possession of her agent in Superior, Wis., the 10 acres of land conveyed to her and standing in her name upon the record, the five horses kept upon the homestead in Duluth, and the $2,000 alleged to be in her actual possession, all of which was ordered to be turned over, delivered, conveyed, transferred, or assigned to the trustee. It will be observed that none of said property had been reduced to the actual possession of the trustee, or any other officer of the bankruptcy court, as the property of the bankrupt by proceedings summary or otherwise. None of it is alleged to be in the actual exclusive possession of the bankrupt. The trustee could acquire constructive possession only through possession of the bankrupt. It cannot be pretended that

either the judgment, the stock, or the $2,000 in money was in such possession. The title to the 10 acres of land was in the claimant, and, in the trustee's petition for order to show cause, is at most alleged to be in the joint possession of the bankrupt and the claimant. A joint possession of the horses and equipment is urged, together with the admission that they were kept upon the homestead in the city of Duluth —itself conceded to be exempt. The theory of the trustee is thus stated in the grounds of the application:

"The same are, in fact, in possession or under the control of the said bankrupt, or of the said Abbie A. Shea for him. * * * That in so far as the said property or any part thereof is in the name, or possession, or control, of said Abbie A. Shea, it is only by collusion between her and said bankrupt, pursuant to an attempt on the part of both of them to secrete said property and keep the same from the possession of the trustee and from being converted into money and subjected to the payment of the obligations of the said bankrupt."

In fact the possession of the claimant, whether actual, exclusive, qualified, or joint, is conceded, and the gravamen of the complaint is that the claim is colorable and fictitious, because conceived to be fraudulent and voidable. This was apparently the view taken by the court below, although it found explicitly that Mrs. Shea had no actual adverse claim, and that the bankrupt was, in fact, in possession of all the property described. But one of the main questions raised by the adverse claimant was as to the possession of the property. She denied, under oath, that the bankrupt had any title to or interest in the property in question. The bankrupt not only denied any claim to it, but asserted that of the claimant. Such a claim to the right of possession may be just as absolute and just as essential to the interest of the claimant as the right of property in the thing itself, and is, in fact, a species of property in the thing, as much the subject of litigation as the thing itself. Marshall v. Knox, 16 Wall. 551, 21 L. Ed. 481; Cooney v. Collins, 176 Fed. 189–193, 99 C. C. A. 543; Johnston v. Spencer, 195 Fed. 215–219, 115 C. C. A. 167. By decisions under the prior bankruptcy law it was settled that the bankruptcy court was without jurisdiction to determine adverse claims to property, not in the possession of the assignee in bankruptcy, by summary proceedings. The present act was framed in recognition of the principle of these cases. First National Bank v. Title & Trust Co., 198 U. S. 280–289, 25 Sup. Ct. 693, 49 L. Ed. 1051; Smith v. Mason, 14 Wall. 419, 20 L. Ed. 748; Marshall v. Knox, 16 Wall. 551–557, 21 L. Ed. 481; Eyster v. Gaff et al., 91 U. S. 521–525, 23 L. Ed. 403. While Act June 25, 1910, 36 Stat. c. 412, p. 840, § 7 (U. S. Comp. St. Supp. 1911, p. 1499), amending section 23, subd. "b," of the act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]), may have enlarged the jurisdiction of the bankruptcy court as such, it did not affect the distinction recognized to exist between summary proceedings and plenary actions.

This leads to a brief inquiry into the basis of Mrs. Shea's claim as disclosed by the record. It is undisputed that the bankrupt did convey to his wife both his federal and state homesteads at a time when they were uncharged with any of the debts proved or provable against the

bankrupt estate. All the property sought to be reclaimed, to which the wife of the bankrupt asserts title, flowed from the disposal of these homesteads after such conveyance to her. Such disposition was made, and subsequently acquired titles taken in her name. True, the Sheas have continued to live together as husband and wife, and it may be conceded that the transfer of the homesteads to her may have been made under the impression that thereby the payment of this indebtedness might be more effectively avoided. Is this, if true, conclusive of the question before us? We have seen that a claim, even though fraudulent, may nevertheless be actual, adverse, and substantial.

Section 2296, R. S. U. S. (U. S. Comp. St. 1901, p. 1398), provides as follows:

"No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuance of the patent therefor."

The Statutes of Minnesota for 1905 provided:

"Sec. 3452. The house owned and occupied by a debtor as his dwelling place, together with the land upon which it is situated to the amount hereinafter limited and defined, shall constitute the homestead of such debtor and his family, and shall be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing except," etc.

"Sec. 3453. If situated outside the limitations of an incorporated city, village, or borough, such homestead may include any quantity of land not exceeding eighty acres," etc.

"Sec. 3458. The owner may sell and convey the homestead without subjecting it, or the proceeds of such sale for the period of one year after sale, to any judgment or debt from which it was exempt in his hands," etc.

It is the contention of the claimant Abbie A. Shea that the transfer of these homesteads to her was actual and substantial, and could not be fraudulent as to her husband's creditors; that having title thereto, and possession thereof, she had a right to dispose of the land and enjoy the proceeds from its sale free from the antecedent debts of her husband. That such a contention discloses a contested matter of right, involving some fair doubt and reasonable room for controversy, as distinguished from a claim merely colorable or fictitious, has been recognized in many decided cases. Russell v. Lowth, 21 Minn. 167, 18 Am. Rep. 389; Smith & Crittenden v. Steele, 13 Neb. 1, 12 N. W. 830; Blair et al. v. Mayer et al., 24 S. D. 563, 124 N. W. 721, 140 Am. St. Rep. 797; Bouscher v. Smith et al., 73 Iowa, 610, 35 N. W. 681; McCorkell v. Herron et al., 128 Iowa, 324, 103 N. W. 988, 111 Am. St. Rep. 201; Van Doren v. Miller et al., 14 S. D. 264, 85 N. W. 187; Brandhoefer v. Bain et al., 45 Neb. 781, 64 N. W. 213; 20 Cyc. 381, 385, note 73; Nichols v. Eaton, 91 U. S. 716, 23 L. Ed. 254; Stinde v. Behrens, 81 Mo. 254; Harris v. Meredith, 106 Mo. App. 586, 81 S. W. 203; Morrison v. Abbott et al., 27 Minn. 116, 6 N. W. 455; Baldwin v. Rogers, 28 Minn. 544, 11 N. W. 77; Horton v. Kelly et al., 40 Minn. 193, 41 N. W. 1031; Blake v. Boisjoli, 51 Minn. 296, 53 N. W. 637; Keith v. Albrecht, 89 Minn. 247, 94 N. W. 677, 99 Am. St. Rep. 566; Kershaw v. Willey, 22 Okl. 677, 98 Pac. 908; Scheel v. Lackner et al., 4 Neb. (Unof.) 221, 93 N. W. 741; Keyes v. Rines, 37 Vt. 260, 86 Am. Dec. 707.

These are questions that we do not undertake to decide in this case,

believing them to have been beyond the jurisdiction of the District Court in this proceeding. We hold only, as we did in Johnston v. Spencer, that the claimant presents some questions arising from the peculiar facts of the case that require serious consideration; that she asserts a substantial adverse claim to the property in controversy, which entitles her to a trial in due course, rather than in a summary proceeding. Johnston v. Spencer, 195 Fed. 215–220, 115 C. C. A. 167.

Our conclusion is that, with respect to the property involved in the consideration of this first specification of error, the bankruptcy court was without jurisdiction of the merits in a summary proceeding, because neither the trustee nor other officers of that court had ever reduced or attempted to reduce this property to possession as assets of the bankrupt; because the property was in the possession of the claimant Abbie A. Shea, within the meaning of the rule requiring title thereto to be adjudicated in a plenary suit in a court of competent jurisdiction; because the claimant Abbie A. Shea duly asserted an adverse claim thereto, as distinguished from one merely colorable and fictitious, even though fraudulent and voidable; because she seasonably challenged the jurisdiction of the District Court to adjudicate the matter upon the. merits in this summary proceeding, and that court should, therefore, have declined to accept jurisdiction and to proceed to a determination of the controversy. We adhere to the wholesome rule "which assures a trial of the merits of" such claims "in a plenary suit at law or in equity under the rules of pleading, of practice, and of evidence, that wisdom and experience have found most conducive to the discovery of the truth and the administration of justice." In re Rathman (C. C. A.) 183 Fed. 913, 929, 106 C. C. A. 253, 269.

[4] 2. The second specification of error complained of has to do with the $3,000 in currency alleged to have been in the possession of the bankrupt a few days prior to the filing of the petition in bankruptcy. Counsel concede that the petitioners' remedy as to this item is by petition to revise; that under this procedure this court will review the evidence only to ascertain if the order of the District Court is wholly unsupported thereby, contrary to law, a clear mistake, or generally for any reason for which evidence may be reviewed on writ of error. First National Bank v. Cole, 144 Fed. 392, 75 C. C. A. 330. It was clearly within the jurisdiction of the bankruptcy court to determine this matter in a summary proceeding under a show cause order.

[5] While there was a conflict in the testimony, there was substantial evidence to sustain the finding of the referee and court. Three witnesses testified directly that shortly before the petition was filed the bankrupt exhibited a large sum of money—a $500 bill being observed on the outside of the roll of currency. He boasted that he had $3,000 and was not yet "broke." This testimony was left, without adequate refutation or satisfactory explanation.

"When property of a bankrupt estate is traced to the possession of one who receives it upon the eve of the bankruptcy of its owner, it is presumed that it remains in his possession or under his control," and "the burden is upon him to satisfactorily so account for it" to the court of bankruptcy. "He cannot escape an order for its surrender by simply denying under oath that he

has it, or that it is the property of the * * * estate." In re Meier, 182 Fed. 799, 105 C. C. A. 231.

This rule applies with especial force to the bankrupt himself. Boyd v. Glucklich (C. C. A.) 116 Fed. 131–142, 53 C. C. A. 451.

Since both branches of the case have been considered on the petition to revise, the appeal will be dismissed. With respect to the item of $3,000 ordered to be delivered by the bankrupt to the trustee, the order of the District Court is approved and confirmed, and the petition to revise is denied. With respect to the other property, to wit, the 10 acres of land, the 100,000 shares of stock, the judgment for $20,332.83, the five horses and equipment, and the sum of $2,000 in cash ordered to be conveyed, transferred, assigned, turned over, and delivered to the trustee by the bankrupt and the claimant Abbie A. Shea, or either of them, the petition to revise is sustained, and the order of the District Court is vacated and set aside, with directions to dismiss the summary proceeding as to these items, without prejudice, however, to the right of the trustee to institute a suit in a court of competent jurisdiction for the recovery of the money and property in question. One-half of the costs of both proceedings in this court shall be taxed to Andrew J. and Abbie A. Shea and one-half to the trustee in bankruptcy.

It is so ordered.