## In re BAILEY.

(District Court, E. D. New York. October 29, 1907.)

**BANKRUPTCY—POWERS OF COURT—DISPUTED TITLE TO REAL ESTATE—INJUNCTION.**

> A court of bankruptcy is without jurisdiction, on a motion by a trustee for an injunction, to determine a disputed question of title to real estate between the state and the trustee, which can only be determined in an appropriate action at law or in equity; nor is there any reason why such court, conceding its power, should enjoin the state officers from making a sale of the property, which would be ineffective to injure the estate should the trustee establish his title.

In Bankruptcy. On motion for injunction.

William Schuyler Jackson, Atty. Gen., for the State.
Robert McC. Robinson, for trustee.

CHATFIELD, District Judge. This question involves the settlement of a disputed title between the state of New York and the bankrupt. The trustee in bankruptcy has held a sale at which certain land, more or less under water, was purchased, and title thereto has not been conveyed to the purchaser by the trustee, for reasons not appearing upon the record, but apparently having to do with an examination of the bankrupt's title. The state of New York claims the land as land under water, and there is an issue of fact as to whether this particular property, known as "Sloop Bar Hassock," in Jamaica Bay, in this district, was or was not included in the property as to which title was adjudicated in a certain action for the partition of real estate, in which suit the grantor of the bankrupt was a party defendant, and in which his rights were litigated. Incidentally the motion raises the question of the authority of this court to pass upon the rights of the state of New York, and to enjoin the state, or any of its officers, in a proceeding in bankruptcy wherein the title of the state in real property is directly involved as an issue. But, inasmuch as the motion must be disposed of upon other grounds, it is unnecessary to consider the legality of the proceedings under the order to show cause, by which a sale, advertised by the state engineer under direction of the commissioners of the land office of the state, was stayed and prevented, pending a consideration of this motion.

The question raised by such a stay is not whether a suit to determine the state's alleged title to the lands in question could have been constitutionally maintained in any court by the bankrupt, but whether a

District Court of the United States, having jurisdiction in bankruptcy over all property in the bankrupt's estate or apparently belonging thereto, could enjoin a proceeding which would affect the rights of creditors in the bankrupt estate, and throw a cloud upon the title of the trustee in bankruptcy to certain land pending a determination by the court in bankruptcy of the contention which arises ad limine, namely, whether an issue is involved which must be litigated in an action at law or in equity, and not upon affidavits or testimony in bankruptcy proceedings. The power of any United States court to enjoin a state officer under a federal statute or upon constitutional grounds is too serious a matter to dispose of when its decision is unnecessary. And the Attorney General of the state having in this proceeding presented the real issues involved, making it unnecessary to consider the power of injunction, the decision upon this motion will not be made to include a determination of that question. It is sufficient to say that this court saw fit to issue the injunction, and that the injunction has not been vacated, but is rendered unnecessary as the matter now appears.

Upon the affidavits submitted a dispute of title is certainly involved. The provisions of the bankruptcy law give no jurisdiction for the determination of such a dispute on affidavits in the bankruptcy proceeding, unless the court in bankruptcy considers the transaction to have been so clearly the occasion of such fraudulent or dishonest action upon the part of the claimant or his grantor that no title could have passed or been acquired. If the state of New York has not title to these lands, then the estate of the bankrupt will not ultimately be injured by an attempted sale. If the state of New York has title, this should be determined by a suit in a proper court, and cannot be decided upon affidavits.

The motion for a permanent injunction will be denied, and the temporary stay vacated upon the entry of an order herein.