In re MAYER et al.

(Circuit Court of Appeals, Second Circuit.   November 22, 1907.)

Nos. 182, 183.

BANKRUPTCY—SALE OF PLEDGE—POWER OF COURT TO ENJOIN.
    Under Bankr. Act July 1, 1898, c. 541, § 67d, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], which provides that liens given in good faith and for a present consideration shall not be affected by the act, a court of bankruptcy is without power to restrain the sale by a pledgee of property held by him under a valid agreement of pledge in accordance with the terms of the contract.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 323.]

Petitions for Revision of Proceedings and Appeals from the District Court of the United States for the Southern District of New York.

Simpson, Thacher & Bartlett (Graham Sumner, of counsel), for appellants.

White & Case (Joseph M. Hartfield, of counsel), for appellant Bankers' Trust Co.

Wm. N. Cohen, for respondent.

Lewis Cass Ledyard, for Stock Exchange.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge (orally).   As we have reached a unanimous conclusion upon the merits of this controversy, we deem it proper, in view of the somewhat abnormal conditions existing at the present time, to announce our decision forthwith, much as we regret being unable to comply with the request of counsel for the receiver for additional time in which to submit a brief. We may say, however, that we have examined with care the authorities cited by him, and, so far as they are contrary to the conclusions reached by us, we think they are at variance with the decisions of this court and of the Supreme Court of the United States.

The question for us to determine is whether or not the District Court, sitting as a court of bankruptcy, has power to restrain the sale by the pledgee of property held by him under a valid agreement of pledge and pursuant to its terms? It is conceded, or, at least, it is not denied, that the agreements in question are valid and such as the parties were authorized to make. The agreement in question may be unilateral and drastic in its provisions, but it is one which the parties could enter into legally and similar agreements have frequently been sustained by the courts of the state and by the federal courts. Baker v. Drake, 66 N. Y. 518, 23 Am. Rep. 80; Williams v. U. S.

Trust Co., 133 N. Y. 660, 31 N. E. 29; In re Mertens, 144 Fed. 818, 75 C. C. A. 548.

The agreement, as we find it in the note given to the Chase National Bank, authorizes the pledgee "to sell the whole or any part of said collateral security or substitutes therefor or additions thereto, at any broker's board or at public or private sale, at the option of the Chase National Bank without notice of intention to sell or of the time or place of sale, and without demand of payment of this note or of any of said documents."

Subsequently to the filing of the petition in bankruptcy and before an. adjudication, the District Court entered an order restraining indefinitely the sale of these securities and enjoining all persons "from selling, disposing of or otherwise parting with any of such property and from instituting or maintaining any action or proceeding for the sale of said property, or any part thereof or interest therein, or for the foreclosure of any claims thereto or equities therein of the said copartnership of Mayer & Co. or the individual members thereof, and that any and all persons, corporations or partnerships holding, whether as security or otherwise, any stocks, bonds, or other securities heretofore deposited or pledged, or hypothecated with them by said copartnership or the individual members thereof, be and they hereby are enjoined and restrained, until further order of this court, from selling, transferring, disposing of or otherwise parting with any of such property." Three days after this order was entered a motion to modify the injunction was made and denied.

The question thus presented for decision is, it will be seen, a pure question of law, to be determined upon undisputed facts. No fraud is alleged, neither is it pretended that the pledgee has done or intends to do any act not specifically authorized by the pledge agreement. The pledgee simply insists that he has a right to stand upon the terms of his agreement, which, being valid and not forbidden by any provision of the Bankruptcy Act, cannot be interfered with by the court.

Section 67 of the Bankruptcy Act, in subdivision "d" (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]), provides:

"Liens given or accepted in good faith and not in contemplation of or in fraud upon this act and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall not be affected by this act."

We are of the opinion that the pledge agreements which are the subject of this controversy are liens given and accepted in good faith and protected by the provision of the law just quoted.

In re Mertens et al., 144 Fed. 818, 75 C. C. A. 548, this court said:

"The decision of the court below proceeded not only upon the ground that the sale was unwarranted by the terms of the pledge, but also upon the ground that, having been made after the filing of the petition in bankruptcy, it was inoperative and subject to the supervision and control of the court, because the act suspends the exercise of the pledgee's remedy pending the adjudication of bankruptcy. * * * That Congress did not intend that lienors or pledgees should be prejudiced in enforcing their rights by the commencement of the proceedings in bankruptcy is indicated by the change made in the present act with respect to the proof of claims by secured creditors. * * * The present act provides that the value of his (the pledgee's) security may be deter-

mined, among other methods, by converting it into money pursuant to his contract rights, and thus, if he has enforced it as the contract with the debtor allowed, he is permitted to prove the unsatisfied balance of his claim. Section 57, subd. 'h,' prescribed several modes of valuation, and the one referred to is exclusive of the others, and is superfluous and useless, unless it is intended to authorize the creditor, without interference by the trustee or the court, to value his own security, provided he turns it into money according to the terms of the agreement pursuant to which it was delivered to him."

Analagous authorities, in this and other circuits, might be quoted but we deem it unnecessary to do so, as we are satisfied that the Mertens Case was well decided and we are unable to distinguish it from the case at bar.

It follows that the order of the District Court should be reversed.