In re SQUIER.

(District Court, E. D. New York. November 28, 1908.)

BANKRUPTCY (§ 155*)—JURISDICTION OF COURTS—ADVERSE CLAIM TO PROPERTY.

A custodian of securities deposited by a bankrupt to secure the release of an attachment on the property of a third person, under an agreement with the attaching plaintiff that they should be held to await the outcome of the action, is an adverse claimant in possession, and cannot be compelled to submit his rights to the summary decision of a court of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 155.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In Bankruptcy.

James, Schell & Elkus (Abram I. Elkus, of counsel), for receiver.

Alexander & Ash (Mark Ash and William Ash, of counsel), for Ferdinand Gutmann & Co.

Rollins & Rollins (Frank A. Gaynor and Alfred A. Wheat, of counsel), for Windsor Trust Co.

CHATFIELD, District Judge. This is an application on the part of the receiver in bankruptcy to compel the Windsor Trust Company to turn over to the receiver in bankruptcy certain certificates for 150 shares of stock in the Queens County Trust Company, and for an adjudication that Ferdinand Gutmann & Co. have no claim to said shares of stock. The situation has arisen in the following way:

Frank Squier was thrown into bankruptcy on February 21, 1908, by the filing of an involuntary petition in this court. Upon November 21, 1907, Squier had made an agreement with the Windsor Trust Company and with Ferdinand Gutmann & Co., under which agreement Squier deposited the certificates for the 150 shares of stock with the Windsor Trust Company, to be held to await the outcome of two suits brought by the said Ferdinand Gutmann & Co. against another corporation and two individuals, one of whom, Mr. William M. McCord, filed a voluntary petition in bankruptcy in the United States District Court for the Southern District of New York upon the 14th day of December, 1907. It appears that in the two actions mentioned attachments had been obtained and levied on the property of McCord on the 14th day of November, 1907, a few days before Mr. Squier made the agreement in question, and it appears from the record that Squier was desirous of becoming surety for the release of these attachments; that, instead of qualifying in the usual way, he, although a third party, deposited these certificates of stock under agreement, and that the attachments were vacated and the property taken under attachment released. Both the Windsor Trust Company and Ferdinand Gutmann & Co. have appeared upon this motion, and have objected to the jurisdiction of this court, and contend that a question of title is involved which cannot be disposed of summarily; while the receiver insists that the property pledged or deposited was that of the bankrupt, over which this court has complete jurisdiction, and that title did not pass by the agreement in question, a copy of which is submitted. The Windsor Trust Company and Ferdinand Gutmann & Co. further contend that they have the right to follow the security by means of which property under attachment is released, even though the attachment itself be vacated by bankruptcy, and the claim under which the process of attachment was obtained be included in the schedules of the bankrupt as a debt from which he would be released by a discharge in bankruptcy.

The recent case of King v. Will J. Block Amusement Company, 126 App. Div. 48, 111 N. Y. Supp. 102 (affirmed by the New York Court of Appeals upon the 20th day of October, 1908, and as yet not officially reported) 86 N. E. 1126, and the case of Klipstein & Co. v. Allen-Miles Company, 136 Fed. 385, 69 C. C. A. 229, may be in conflict. The ultimate determination of the question by the Supreme Court of the United States may be necessary, but with that we have nothing to do. The sole question here is whether the property sought by the receiver is in the possession of a third party, under a claim of title, as to which the bankruptcy court has no more jurisdiction than the District Court of the United States would have over the action if bankruptcy had not intervened, except that temporarily this court has the power to prevent

further transfer of these funds and their possible transmission into the hands of innocent parties. This power is vested in the court, inasmuch as irreparable injury might otherwise be inflicted, and inasmuch as the estate of the bankrupt has a right to proceed, within a reasonable time, to act upon its alleged rights in a court having plenary jurisdiction.

It is not a question whether this court thinks that the attachment could be vacated, or that the security for the release of the attached goods would also be vacated, but rather whether this court finds the third party in possession, holding by a claim of title. This the Windsor Trust Company certainly does, and the case would seem to be similar to that of In re Mayer, 157 Fed. 836, 85 C. C. A. 200, and In re Bailey (D. C.) 156 Fed. 691, no element of fraud, upon which the transaction could be avoided, appearing on the present record.

In so far, however, as the present restraining order has interfered with the prosecution of the suits in the state courts, the restraining order will be continued for a sufficient time to allow the trustee to institute an action for recovery of the stock, if he is advised so to do, and to apply therein for the necessary stay pending the result of such litigation.