In re RADLEY STEEL CONST. CO.

(District Court, E. D. New York. March 20, 1914.)

1. BANKRUPTCY (§ 288*)—POSSESSION OF ASSETS—ADVERSE CLAIMS.

On a hearing to determine whether a party in possession of property claimed to belong to the bankrupt is an adverse holder, a claim of title or right to possession based on such fraud as to vitiate the rights asserted may be tested by the court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

2. BANKRUPTCY (§ 288*)—DEPOSITS IN BANK—RIGHTS OF TRUSTEE.

The right to draw checks against an account in a bank distinguishes the possession of the bank from that of an ordinary debtor, and gives the bankruptcy court the right to order payment to the trustee of such deposits as are not claimed by the bank on some other ground than its holding as a depository.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

3. BANKRUPTCY (§ 288*)—DEPOSITS IN BANK—ADVERSE CLAIMS.

An alleged lien against a sum on deposit in a bank is an adverse claim, and cannot be determined on motion.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

4. BANKRUPTCY (§§ 165, 288*)—DEPOSITS—APPLICATION TO CLAIMS OF BANK.

The application of deposits to payment of claims held by the bank is not a preference, but the use of the deposits for such application can only be tested by action.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260, 266, 447; Dec. Dig. §§ 165, 288.*]

5. BANKRUPTCY (§ 326*)—DEPOSIT WITH BANK—TRANSFER.

A deposit with a bank before the beginning of bankruptcy proceedings would not be such a transfer as would be unavailable as a set-off, unless it were fraudulent as against creditors and not valid as the basis of any legal claims.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 514; Dec. Dig. § 326.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. BANKRUPTCY (§ 288\*)—MONEYS OF BANKRUPT—APPLICATION ON CONTINGENT LIABILITY.

The claim of a right to apply moneys of a bankrupt for the purpose of indemnity on some contingent liability carries the right to possession, and is such a claim of title that it cannot be disposed of summarily upon motion.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.\*]

7. BANKRUPTCY (§ 326\*)—DEPOSIT WITH BANK—RIGHT OF SET-OFF.

Where, on motion of the receiver to compel a bank to turn over a deposit by the bankrupt, the bank claims a right to hold the deposit by way of set-off on claims not yet matured, its right to refuse a check of the depositor or the order of the court as to disposition of the deposit depends on whether a claim of the nature of the one set up is provable against the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 514; Dec. Dig. § 326.\*]

8. BANKRUPTCY (§ 288\*)—JURISDICTION—DEPOSITS IN BANK.

A bank has a right to refuse to consent to the determination of its rights to apply deposits in its hands to notes apparently provable in bankruptcy, though not due, on a motion in the bankruptcy proceedings, and the court in the face of objection has no jurisdiction to determine such right, though it has jurisdiction to see if such an issue can legally exist.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.\*]

In Bankruptcy. Bankruptcy proceedings of the Radley Steel Construction Company. On motion to direct the Mutual Bank to pay over a deposit to the credit of the bankrupt. Denied.

Rushmore, Bisbee & Stern, of New York City (Abraham Freedman, of New York City, of counsel), for Mutual Bank.

Edwin L. Garvin, of New York City, receiver, in pro. per.

CHATFIELD, District Judge. The receiver has made a motion to direct the Mutual Bank to pay over a certain sum which was on deposit to the credit of the bankrupt on the day when the petition in bankruptcy was filed. The bank has resisted this motion, appearing specially, and contests the jurisdiction of the court. It claims that it is retaining, and has a right to retain, the money in its possession, for a purpose alleged to be within its rights, and that its refusal to pay the same over to the receiver can be tested only in an action brought in a court having plenary jurisdiction to hear the issues which might arise therein if suit were brought against the bank because of its retention or application of the money. The bank urged this proposition upon the facts shown in the *petition*, viz., that it has refused to surrender the funds in question, claiming a right to retain these funds and to set them off against certain notes of the bankrupt, not yet due and not yet taken up or paid by the indorser.

This court has the power to determine whether a party in possession of property or funds, claimed to belong to the bankrupt, is an adverse holder. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; First National Bank v. Hopkins, 199 Fed. 873, 118 C. C. A. 321.

---

[1] Upon such a hearing, a claim of title or of right to possession, based upon such fraud as to vitiate and render absolutely void the rights asserted, may be tested by this court. Mueller v. Nugent, supra. If the issues of fact or law are properly alleged, and furnish the basis for a valid claim of title, a hearing thereof, "no matter how ill supported it may appear to be," constitutes the determination of an adverse claim. A colorable title arises only when no legal basis for a claim of title is shown, or when the court must hold the title fraudulent. In re Bacon, 210 Fed. 129, 126 C. C. A. 643.

A deposit with a bank is a mere debt owed by that bank, with the right to draw checks against it. Davis v. Elmira Savings Bank, 161 U. S. 275, 16 Sup. Ct. 502, 40 L. Ed. 700.

[2] The right to draw checks against the account (or to use the funds on deposit by order) distinguishes the possession of the bank from that of the ordinary debtor of a bankrupt estate, and gives the bankruptcy court the right to order payment to the receiver or trustee of such deposits as are not claimed by the bank upon some other ground than merely its holding as a depository.

[3] This is a further reason why the bankruptcy court has jurisdiction to determine whether the bank should be ordered to pay over the fund. But such jurisdiction must not be confused with the right of the bank to have any valid defense or claim to the fund litigated in an action. An alleged lien against a sum on deposit has been held to be an adverse claim, and cannot be determined on motion. First National Bank of Chicago v. Chicago Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051; In re Farrell, 201 Fed. 338, 119 C. C. A. 576.

[4] The application of deposits to payment of claims held by the bank is not a perference, but nevertheless the use of the deposits for such application can only be tested by action. New York County National Bank v. Massey, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380; Studley v. Boylston Bank, 229 U. S. 523, 33 Sup. Ct. 806, 57 L. Ed. 1313; In re Wright-Dana Hardware Co. (C. C. A., Second Circuit, February 17, 1914) 212 Fed. 397, 129 C. C. A. 73. In this latter case, the deposit of funds after insolvency of the depositor became known, and after action to prevent loss thereunder had been taken, was held to be a "transfer" within the provisions of section 60b of the act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], as amended by Act June 25, 1910, c. 412, § 11 [U. S. Comp. St. Supp. 1911, p. 1506]) following certain language in the case of Studley v. Boylston Bank, supra. The decision of the Boylston Bank Case is, however, that (229 U. S., page 527, 33 Sup. Ct., page 808, 57 L. Ed. 1313):

"We find nothing in the record to indicate that the deposits were made for the purpose of enabling the bank to secure a preference by the exercise of the right of set-off"

—while the use of a deposit as a set-off is upheld under the Massey Case, supra.

[5] In the case at bar there is nothing to justify a finding of preferential transfer, nor of any act which could be held a "transfer" such as

was the basis for the finding referred to in the Wright-Dana Case, supra; and, in any event, a deposit with a bank prior to the beginning of bankruptcy proceedings would not be such a "transfer" as would be unavailable as a set-off, unless it were "fraudulent" as against creditors, and hence not valid as the basis of any legal claim.

Opposition to a motion to turn over such funds upon the ground that the bank intends to use the funds, or has used the funds in payment of a claim or notes held by it, is such a claim of adverse title as can be tested only in a court having jurisdiction to determine the validity of the bank's right to payment on the notes. In re Gill, 190 Fed. 726, 111 C. C. A. 454.

[6] The claim of a right to apply moneys of a bankrupt to the purpose of indemnity on some contingent liability or application has been held to carry right to possession, and to be such a claim of title that it cannot be disposed of summarily upon motion. In re Horgan et al., 158 Fed. 774, 86 C. C. A. 130; Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620; In re Squier (D. C.) 165 Fed. 515.

Certain deposits claimed to have been created for a specific purpose, but held by the bank generally in the name of the bankrupt, and, without any indication of the alleged trust character of the deposit, have been set off or used to pay notes due the bank and the claim of such a right held to be adverse, and not to be disposed of summarily. First National Bank of Thomasville v. Hopkins, 199 Fed. 873, 118 C. C. A. 321.

It will thus be seen that the preliminary objection of the Mutual Bank in the present case that the court has no jurisdiction to entertain the motion must be overruled in so far as this court must determine whether or not a claim of adverse possession or of right to the deposit is set forth, which, if valid, would be good as a matter of law, or as to which the validity in fact or law of the claim should be tried only in an action.

But when we consider the objection of the Mutual Bank to the exercise of any jurisdiction over the deposit, that is, when we consider the objection that this court has not jurisdiction to compel by motion the payment of these funds by the bank to the receiver, or jurisdiction to determine upon motion the validity of the bank's claim, another situation is presented.

[7] If the bank had applied the funds to the payment of past-due notes, or claimed title to the money for any purpose other than future use, an adverse claim would be presented immediately. When, however, the bank takes the position upon the facts shown by the motion papers that it has a right to hold the deposit for use by the way of set-off against claims or notes not yet matured, then its right to refuse to respect the check of its depositor, or the order of the court as to disposition of its depositor's funds, must depend upon whether or not a claim of the nature of the one set up in the present instance is provable against the estate.

In Frank v. Mercantile National Bank, 182 N. Y. 264, 74 N. E. 841, 108 Am. St. Rep. 805, it has been held that any provable debt, even if the obligation to pay had not yet become matured, could be urged

by a bank as a defense to an action by the trustee of the bankrupt estate. In Re Philip Semmer Glass Co , 135 Fed. 77, 67 C. C. A. 551, the Court of Appeals of this circuit held that notes not yet due, but payable out of the bankrupt estate, were provable claims, and could be set off against moneys on deposit.

In the case of Germania Savings Bank & Trust Co. v. Loeb, 188 Fed. 285, 110 C. C. A. 263, it was held that deposits could be retained and used for the purpose of set-off where the bank was in the possession of certain obligations provable in the bankruptcy proceeding, but not yet due at the time of filing the petition or of adjudication.

The test of the right to set off such claims, or as to the validity of the debts represented thereby, cannot be determined in a summary manner upon motion, and a claim by the bank that it, holds money on deposit for the purpose of application to the payment of another obligation, the validity of which can only be determined in some suit against the bank, must be disposed of in an action in a court having plenary jurisdiction, unless the bank comes into the bankruptcy court to prove some claim involving the amount of these payments.

[8] The Mutual Bank must be upheld in its refusal to consent to a determination of its right to apply the deposits in its hands to payments of the notes apparently provable in bankruptcy, but not yet due, on a motion in the bankruptcy proceeding. In that sense issues are urged which the court in the face of objection has not the jurisdiction to determine, even though it have the jurisdiction to see if such issues are raised or can legally exist.

The motion to compel the Mutual Bank to pay over the funds must be denied.