## WILSON v. CITIZENS' TRUST CO.

### (District Court, S. D. Georgia. June 28, 1916.)

**1.** BANKRUPTCY ⊂⊃154—RIGHT OF BANK TO SET OFF INDEBTEDNESS AGAINST DEPOSITS.

As a general proposition, a bank may set off any indebtedness it may hold against the bankrupt against a general deposit standing to the credit of the bankrupt; this right being expressly recognized by Bankr. Act July 1, 1898, c. 541, § 68, 30 Stat. 565 (Comp. St. 1913, § 9652).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 451–455; Dec. Dig. ⊂⊃154.]

**2.** BANKRUPTCY ⊂⊃293(2) — PROCEEDINGS — JURISDICTION OF BANKRUPTCY COURT.

Bankr. Act, § 60b (Comp. St. 1913, § 9644), provides for actions by the trustee, either in the court of bankruptcy or in the state court which would have had jurisdiction, had bankruptcy not intervened, to avoid transfers made within four months of bankruptcy which operate as preferences. Section 23b (Comp. St. 1913, § 9607) declares that suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by the trustee, might have brought or prosecuted them, if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section 60b, etc. The trustee's petition alleged that after a firm became insolvent, and within four months of bankruptcy, the defendant bank placed one in charge of the business of the bankrupts, that he deposited with the bank to the account of the bankrupts all moneys received, that no checks were payable unless countersigned by him, that the purpose of the arrangement was to accumulate funds so that they might be appropriated to satisfy the indebtedness due the bank from the bankrupts, and that the bank, which, on bankruptcy, drew a check for the whole deposit and applied the proceeds to its claim, thus obtained a preference. *Held* that, as a bank may set off against a general deposit to the credit of a bankrupt claims against the bankrupt, and as this right is recognized by section 68b, and is the same, whether exercised by operation of law, by the drawing of a check against the bankrupt's account, or by mere application of the deposit, the petition stated an action within the jurisdiction of the bankruptcy court, being one to set aside a preferential transfer effected by the accumulation of the deposits, and not by the application.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 411; Dec. Dig. ⊂⊃293(2).]

**3.** BANKRUPTCY ⊂⊃302(1)—ACTIONS—PETITION.

A petition to recover the amount of deposits applied by a bank upon the depositor's bankruptcy *held* to state a cause of action under Bankr. Act, § 60b, on the theory that the deposits were made to operate as a preferential transfer, and not that the application was a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 456; Dec. Dig. ⊂⊃302(1).]

At Law. Action by J. B. Wilson, trustee of Tedder & Oliver, bankrupts, against the Citizens' Trust Company. On motion to dismiss. Motion denied.

J. B. Wilson, as trustee of Tedder & Oliver, bankrupts, brought his bill in equity against the Citizens' Trust Company, a banking corporation of Savannah, Ga., in which he alleged that a petition in involuntary bankruptcy was filed against Tedder & Oliver on December 1, 1915, and that thereafter

said firm, and the individual members thereof, were duly adjudicated bankrupts; that on November 17, 1915, the said firm was insolvent, which insolvency was known to the defendant bank, and that one W. A. Burney was placed in charge of its business, he being selected for that purpose by the said Citizens' Trust Company; that said firm continued to carry on its business under the direction of said Burney, and that the cash received by said firm was each day deposited in said bank by said Burney; that when the bankruptcy petition was filed there was on deposit in said bank to the credit of said firm the sum of $1,242.15; and that the defendant bank, at or about the time the petition was filed, drew a check in the name of said firm against said amount then on deposit, and thereby transferred and appropriated the same to an indebtedness which it claimed was due it by the bankrupts. Complainant further alleged that the defendant bank, in selecting said Burney, and placing him in charge of the business of the bankrupts, and requiring him to countersign all checks drawn against the deposit of said bankrupts in said bank, and in having said Burney to deposit the funds of said bankrupts each day, did so for the purpose of accumulating these funds, in order to appropriate the same to its alleged indebtedness against the bankrupts, and that during all of this period respondent bank knew that said firm and the individual members thereof were insolvent, and that the effect of this arrangement was to give said bank a preference over the other creditors of the bankrupts, and that the purpose of the aforesaid arrangement made between said bank and said bankrupts was to effect such a preference. Complainant, therefore, prayed that the fund so transferred and appropriated by the defendant bank should be declared to be the property of the bankrupt estate, and that he be allowed to recover the same from the defendant. Respondent duly filed a motion to dismiss this bill on three grounds: (1) That the complainant had a full and adequate remedy at law, and therefore a bill in equity would not lie; (2) that under section 23b of the national Bankruptcy Act the District Court of the United States had no jurisdiction of the suit, for the reason that the same is not a suit authorized to be brought under said section 23b, because such suit cannot properly be brought under section 60b of the Bankruptcy Act, inasmuch as the bankrupts had not made the transfer of the funds in question to the defendant bank, but such funds were transferred by the act of the bank itself; (3) that the bill set forth no cause of action in favor of the complainant against the defendant.

W. R. Hewlett, of Savannah, Ga., for complainant.

Anderson, Cann, Cann & Walsh, of Savannah, Ga., for defendant.

LAMBDIN, District Judge (after stating the facts as above). This matter is before me on the motion which the defendant filed, as above stated, to dismiss the plaintiff's equitable petition. On the hearing before me, plaintiff's counsel admitted that he had no cause of action under section 67e of the Bankruptcy Act, but was proceeding entirely under section 60b; and he further admitted that the bill should be considered as a suit at law, rather than a suit in equity, and should therefore be transferred to the law docket, and such direction is given to the case.

[1, 2] 1. The first question in the case is one of jurisdiction. Defendant's counsel contend that the action brought in this case would not lie under section 60b, because of the fact that the bankrupts did not make any transfer of the funds in question to the bank, and consequently, under section 23b of the Bankruptcy Act, 'a District Court of the United States has no jurisdiction to entertain the suit without the consent of the defendant. Counsel for neither side have been able to cite any decision exactly in point. However, I find that many

such suits have been brought in the District Courts of the United States. Some of these suits have been carried to the different Circuit Courts of Appeals, and have also eventually found their way to the Supreme Court of the United States. Possibly the question of jurisdiction was waived in all of these reported cases, but it is somewhat singular that, if the United States courts had no jurisdiction of such suits, the question was never raised.

It is alleged in the petition that all of the deposits made by the bankrupts in the defendant bank were made within four months prior to the filing of the petition in bankruptcy. The petition alleges that a preferential payment was made to the bank as the result of these deposits under section 60b. The question of the court's jurisdiction depends upon the allegations of the plaintiff's petition, and not by facts set up in the defendant's answer. It is the view of the court that, if any preference was secured in this manner, it was made by the various deposits that were thus made by the bankrupts in the defendant bank, and not by the subsequent act of the bank in crediting these deposits, upon the filing of the petition in bankruptcy, upon the indebtedness which it claimed against the bankrupts. These deposits thus made were made by the bankrupts by their consent, and by an arrangement entered into by them, and therefore constituted their act and deed, and if they were preferential payments, within the meaning of the statute, they manifestly come under the provisions of section 60b of the Bankruptcy Act. The petition has enough in it to be sustained on this theory.

It is well settled as a general proposition that a bank has the right to set off any indebtedness it may hold against the bankrupt against a general deposit standing to the credit of such bankrupt. This is expressly allowed by section 68 of the Bankruptcy Act. See Collier on Bankruptcy (10th Ed.) p. 976 et seq. Whether the bank charges off the deposit of its customer and applies it on the indebtedness which it holds against the customer, or whether it draws a check in the name of the customer covering his deposit and applies it as a credit on the indebtedness, or whether it does neither of these things, but appeals to the law to do the same thing in effect, makes no difference as a legal proposition. Toof v. City National Bank (C. C. A. 6th Circuit) 30 Am. Bankr. Rep. 79, 206 Fed. 250, 124 C. C. A. 118; Studley v. Boylston National Bank (U. S. Sup. Ct.) 30 Am. Bankr. R. 161, 229 U. S. 523, 33 Sup. Ct. 806, 57 L. Ed. 1313; Continental, etc., Savings Bank v. Chicago Title & Trust Co., 30 Am. Bankr. R. 624, 229 U. S. 435, 33 Sup. Ct. 829, 57 L. Ed. 1268; Chisholm v. First National Bank (Ill. Sup. Ct.) 35 Am. Bankr. Rep. 598, 269 Ill. 110, 109 N. E. 657; New York County National Bank v. Massey, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380; Lowell v. International Trust Co. (C. C. A. 1st Circuit) 158 Fed. 781, 86 C. C. A. 137, 19 Am. Bankr. Rep. 853; In re Radley Steel Construction Co. (D. C.) 212 Fed. 462, 32 Am. Bankr. R. 514.

The last case cited above points out that, while the general relation of debtor and creditor exists between the bank and its customer, yet there is this distinction, namely, that it is the duty of the bank to

honor the checks of the customer upon the deposit, and that this gives the bankruptcy court the right to order the payment of such deposit over to the trustee. In the case of Lowell v. International Trust Company, cited above, the Circuit Court of Appeals for the First Circuit discusses the effect of a deposit made in a bank upon the agreement that the same should be for the pro rata benefit of all the creditors of the bankrupt, and holds that such a quasi trust is not enforceable by the trustee. Indeed, it is my opinion that, if any such agreement existed in this case, the adjudication of the bankrupt within four months after such deposits were made freed the fund from such a trust, and gave the bank the right to a set-off. The view that it is the making of the deposit, and not the application of the same to the debt of the bank, that constitutes the preference, is borne out by the concluding part of the decision of the Supreme Court of the United States in the case of Mechanics', etc., Bank v. Ernst, 231 U. S. 60, 34 Sup. Ct. 22, 58 L. Ed. 121. I am therefore of the opinion that this court has jurisdiction of the case.

[3] 2. This brings the court to the consideration of the other ground of the motion filed by the defendant to dismiss the plaintiff's petition, to wit, that same sets out no cause of action. This has given the court some concern. A careful reading of the plaintiff's petition and of the decisions cited above will show that as a general proposition a bank has the right to apply the deposit of its customer upon any indebtedness due by him to the bank, and that it may do this by drawing a check in the name of the customer, or by charging off the deposit and applying it on the debt, or else may wait and allow the law to do the same thing by application of the rule of set-off which is allowed by section 68 of the Bankruptcy Act. Where a general deposit is made in a bank, the estate of the customer is not diminished, because he has the right to check upon such deposit. Therefore, if the deposits involved in this case were general deposits, which could be checked against by the bankrupts before the petition was filed against them, the plaintiff trustee would have no right to recover. The trustee alleges, however, in his petition, that the deposits so made were not general deposits, and that the bankrupts had no right to check against the same, and that the defendant bank entered upon the general plan outlined in the petition of having these deposits made upon special account "for the purpose of transferring and appropriating the same to its alleged indebtedness," and thus the plaintiff seeks to bring himself within the rule laid down in the Ernst Case, decided by the Supreme Court of the United States, as cited above. These allegations, therefore, save the petition from dismissal upon general demurrer.

An order will be taken accordingly, overruling the motion to dismiss upon each of the grounds taken therein.