**In re PETROS ENERGY & LAND CORP., Debtor,**

**James E. ADELMAN, Trustee, Plaintiff,**

v.

**BANK OF OKLAHOMA, N.A., Defendant.**

Bankruptcy No. 81–00958.

Adv. No. 82–0183.

United States Bankruptcy Court, N.D. Oklahoma.

Oct. 24, 1985.

Fred W. Woodson, Woodson, Phillips & Associates, Inc., Tulsa, Okl., for plaintiff.

C.S. Lewis, III, Robinson, Boese & Davidson, Tulsa, Okl., for defendant.

## MEMORANDUM DECISION AND ORDER

MICKEY D. WILSON, Bankruptcy Judge.

The above-styled adversary proceeding came before the Court on the trustee's complaint to recover the sum of $3,128.18 on deposit in checking account # 102445247 with the defendant, Bank of Oklahoma, N.A. (hereinafter referred to as BOK). Defendant answers setting forth its counterclaim, alleging that it is entitled to setoff the amount due and owing by the debtor upon the debtor's MasterCard account with BOK, which at the time of the counterclaim was $5,339.15. The complaint and counterclaim has been submitted for decision upon the record pursuant to stipulation dated September 27, 1982.

The following facts as stipulated by the parties and as set forth in the pleadings and answers to interrogatories shall be deemed established:

(1) The debtor has a checking account with the defendant BOK with an account # 102445247. At the time the bankruptcy petition was filed by the debtor and currently the checking account contains $3,128.18. Ninety days prior to the filing of the bankruptcy petition the checking account contained no money on deposit.

(2) Defendant BOK is authorized by Interbank to use the name MasterCard and has the right to issue cards to BOK's customers with the name MasterCard thereon.

(3) The credit extended by the issuance of cards is extended by BOK, and the agreement with the customers for the issuance of the cards is with BOK for all charges incurred through the use of the cards.

(4) Upon a resolution passed by the Board of Directors of the debtor, the debtor made application with BOK for a Mast-

erCard corporate account, and a card was then issued to the debtor.

(5) Charges were incurred on the Master-Card corporate account with BOK by the use of the cards. The sum of $5,339.15 was due and owing at the time the debtor herein filed its petition for bankruptcy. The amount presently due and owing is $5,339.15 and ninety days prior to the filing of the petition for bankruptcy $5,760.28 was due and owing.

(6) BOK has not setoff the amount of the balance in the debtor's checking account in accordance with the automatic stay of this Court, however, BOK has frozen said balance and has refused to turn it over to the trustee of debtor's estate.

## II

The sole issue for determination in the present action is as follows:

Whether the creditor is entitled to offset the amount of the balance in debtor's checking account with its claim against the debtor for the amount due and owing on debtor's MasterCard account.

## III

■ The action to offset the claim of the creditor against the claim of the debtor rests upon 11 U.S.C. § 553. It is well settled as a general proposition that a bank has the right to setoff any indebtedness it may hold against the debtor against a general deposit standing to the credit of such debtor. *Wilson v. Citizens Trust Co.*, 233 F. 697 (S.D.G.A.1916). One prerequisite to setoff is that the debtor and creditor have mutuality of debts. Mutuality of debts exists when the offsetting claims are due between the same parties acting in the same capacity. *In re Dartmouth* 24 B.R. 256 (Mass.1982). *In re Crumley* CCH ¶ 64,510 (E.D.Tenn.1972), allowed a bank to setoff the funds in a debtor's checking account against the debtor's Master Charge debt because the necessary mutuality of debts existed for the setoff to fall within the scope of the Bankruptcy Act. In the case at bar the issuance of the cards

was extended by BOK and the credit agreement entered into by the debtor was with BOK. Similarly to *In re Crumley, supra,* the debtor cannot argue that for purposes of the credit agreement it was unaware that MasterCard and BOK were one and the same, and therefore the requirement of mutuality of debts has been satisfied.

None of the exceptions provided for in § 553 are applicable in the case at bar. The claim of BOK has not been disallowed under the Bankruptcy Code, nor has it been alleged that the claim should be disallowed. Said claim was not transferred to BOK by an entity other than the debtor, rendering § 553(a)(2) inapplicable.

Section 553(a)(3) is of interest to the Court in that the debt owed to the debtor by BOK was incurred by BOK after ninety days before the filing of the petition. The facts reveal that ninety days prior to the filing the debtor had nothing on deposit with BOK, however, there existed $3,128.18 on deposit in a checking account on the date of filing. Therefore, said sum had to have been deposited within the ninety days prior to the filing. In order for this to be an exception to setoff under § 553(a)(3), the Code also requires that the debt incurred by the creditor be for the purpose of obtaining a right of setoff against the debtor. A careful reading of the pleadings, interrogatories and stipulations presents no evidence of such a purpose on the part of the creditor nor debtor, and the Court must therefore find § 553(a)(3) inapplicable.

The drafters of the statute regard the right to offset as the equivalent of a perfected security interest to the extent that the lien exceeds the debtor's equity in the property. Section 506(a) provides in pertinent part:

"An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditors interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the

value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim."

This means that in a liquidation proceeding the court should grant permission to offset where the indebtedness owed to the bank exceeds the account balance.

 Absent a finding that the creditor's claim can be avoided as a preferential transfer, this Court will grant BOK the right to offset. It is expressly stated in § 553 that the only sections other than 553 which affect the right of a creditor to offset a mutual pre-petition debt are §§ 362 and 363. A strict and literal reading of § 553 excludes every other section of the Code from affecting the setoff of mutual pre-petition debts. Considering the protection afforded the debtor and creditors from preferential transfers pursuant to §§ 362, 363 and 553, this is not an unreasonable interpretation of § 553. Furthermore, in the case at bar the deposit was made in good faith, and was subject to the depositor's withdrawal. Under a similar set of facts in the case *In re Welbourne,* CCH Bankruptcy Law Reports 64,757 (W.D.Okl. 1972), the court held that consequently, a deposit could not be considered a preference and that the bank was within its power to assert its statutory lien. The same finding must be made in the present case.

The amount of the setoff is to be determined from the mutual debts as they existed at the filing of the petition. The record indicates that the sum of $3,128.18 is on deposit in the bank and that the same sum was on deposit at the time of the filing of the bankruptcy. The record indicates that there is due and owing by the debtor upon the MasterCard with BOK the sum of $5,339.15 and the same amount was due and owing at the time of filing of bankruptcy. Pursuant to all of the foregoing the Court finds that BOK is entitled to setoff the $3,128.18 balance in the debtor's checking account by applying it to the debtor's MasterCard debt of $5,339.15.

IT IS ORDERED that judgment be entered in favor of defendant on both the plaintiff's action and the defendant's counterclaim.